**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0544, <u>Paula Herbeck & a. v. Miranda Royer; Miranda Royer & a. v. Paula Herbeck & a.</u>, the court on May 21, 2015, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The tenants, Paula Herbeck and Michael Williamson, appeal an order by the Circuit Court (<u>Ashley</u>, J.) on their small claim against the landlord, Miranda Royer. We construe the tenants' brief to argue that the trial court erred by: (1) finding that the landlord was not subject to the requirements of RSA chapter 540-A because she rents a single family residence and owns no other rental property, <u>see</u> RSA 540-A:5, I (2007); (2) contradicting in its order findings it made during the hearing; and (3) reviewing "items" presented at the hearing, which the trial court said it would not consider. We further construe the tenants' brief to argue that the evidence was insufficient to support the trial court's findings regarding: (1) the expenses the landlord incurred for fuel oil, cleaning, and repairs; (2) their liability for five days' rent in September; (3) their breach of the lease by painting the interior; and (4) their removal of rose bushes.

It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). It is the tenants' burden on appeal to provide a record that is sufficient to decide the issues they are raising and to demonstrate that they raised those issues in the trial court. <u>Id</u>.; <u>see also</u> <u>Sup. Ct. R.</u> 15(3) (if appealing party intends to argue that a ruling is unsupported by or contrary to the evidence, the party shall include a transcript of all evidence relevant to such ruling). Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court. <u>Bean</u>, 151 N.H. at 250. These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

In this case, the tenants have not supplied a transcript of the hearing before the trial court. Thus, we cannot determine what evidence was offered or what arguments were raised. <u>See</u> <u>Bean</u>, 151 N.H. at 250. Therefore, we assume that the evidence was sufficient to support the trial court's determination, <u>id</u>.,

and review its order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997).  We find no errors of law in the trial court's order.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
