## THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2015-0467, <u>Governor's Island Club, Inc. v. Richard Homsi</u>, the court on January 12, 2016, issued the following order:**

Having considered the brief, memorandum of law, and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Richard Homsi, appeals the order of the Superior Court (<u>O'Neill</u>, J.) on the motion of the petitioner, Governor's Island Club, Inc., to enforce prior orders and other pending motions. The respondent raises numerous challenges to the court's orders. We affirm the trial court's factual findings unless they are unsupported by the evidence and its legal rulings unless they are erroneous as a matter of law. <u>Kessler v. Gleich</u>, 156 N.H. 488, 491 (2007).

The record shows that the respondent owns property in Laconia subject to restrictive covenants that, in pertinent part, allow additions to residences for relatives or live-in help, but prohibit detached living units. In April 2012, the respondent proposed to construct a detached garage on his property and to place a cottage from another location onto it in order to create additional living space for his extended family. The petitioner informed the respondent that his proposal would not comply with the covenants. In May 2012, the respondent began construction without the petitioner's approval. The petitioner obtained a temporary restraining order and a preliminary injunction to stop the construction.

The respondent moved for partial summary judgment, asking the court to find that two plans he subsequently submitted to the petitioner complied with the covenants. The petitioner cross-moved for summary judgment, asking the court to find that the respondent violated the covenants by commencing construction of an unauthorized structure. By order dated December 18, 2013, the trial court denied the respondent's motion and granted the petitioner's cross-motion. However, the court stayed enforcement of its order requiring the respondent to remove the structure, to allow the respondent to submit a conforming plan to the petitioner. The court also granted the petitioner's requests for costs and attorney's fees pursuant to a provision in the covenants, awarding costs and fees in the amount of $45,713.04. The respondent appealed the award of attorney's fees, and we affirmed. <u>See</u> <u>Governor's Island Club, Inc. v. Richard Homsi</u>, No. 2014-0144 (N.H. April 24,

2015).  The respondent did not appeal the finding that he had violated the covenants.  However, on December 22, 2014, he appealed the trial court's November 19, 2014 order denying his "motion to revoke prior judgments," which he filed on September 29, 2014, and which the trial court construed as a motion to reconsider its December 18, 2013 summary judgment order.  We concluded that the "motion to revoke prior judgments" was not timely filed, and thus, dismissed the appeal as untimely.  See Governor's Island Club, Inc., v. Richard Homsi, No. 2014-0813 (N.H. February 24, 2015).

The respondent now appeals the trial court's June 30, 2015 order lifting the stay of its prior order requiring him to remove the non-conforming structure from his property and awarding additional attorney's fees and costs to the petitioner in the amount of $31,158.27.  He argues that the court erred in awarding additional costs and fees incurred after December 2013 because the petitioner acted in bad faith in rejecting proposals he submitted after that date.  It is the burden of the appealing party, here the respondent, to provide this court with a record sufficient to decide his issues on appeal.  Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).  After a hearing, the trial court concluded:  "The record demonstrates that the petitioner has provided a good faith basis for its rejection of the respondent's proposals:  namely, that none of the proposals" complied with the covenants.  The respondent failed to provide a transcript of the hearing or any other evidence that may have been submitted at the hearing.  Accordingly, we must assume that the evidence was sufficient to support the trial court's order.  See Atwood v. Owens, 142 N.H. 396, 396 (1997).

In his brief, the respondent also raises numerous challenges to the trial court's December 18, 2013 summary judgment order.  We conclude that his appeal of that order is untimely and therefore decline to address such issues.  See Governor's Island Club, Inc., v. Richard Homsi, No. 2014-0813 (N.H. February 24, 2015); see also Sup. Ct. R. 7(1).

Affirmed.

Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2