**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0619, <u>MMG Insurance Company v. Shaban Beqiri</u>, the court on March 31, 2016, issued the following order:**

Having considered the briefs, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

At the outset, the defendant's motion to file his reply brief is granted.

The defendant, Shaban Beqiri, appeals an order of the Circuit Court (<u>Michael</u>, J.), in favor of the plaintiff, MMG Insurance Company, in its subrogation action against him. He contends that: (1) the trial court's order was unsupported by the evidence; (2) the trial court did not make sufficient findings of fact; and (3) the plaintiff failed to provide expert testimony.

It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). It is the appealing party's burden on appeal to provide a record that is sufficient to decide the issues he is raising and to demonstrate that he raised those issues in the trial court. <u>Id.</u>; <u>see</u> <u>Sup. Ct. R.</u> 13(3), 15(3) (if appealing party intends to argue that a ruling is unsupported by or contrary to the evidence, the party shall include a transcript of all evidence relevant to such ruling). Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court, <u>Bean</u>, 151 N.H. at 250, and review its order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997). These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

In this case, the defendant has not supplied a transcript of the hearing before the trial court. Thus, we cannot determine what evidence was offered or what arguments were raised. <u>See</u> <u>Bean</u>, 151 N.H. at 250. Therefore, we assume that the evidence was sufficient to support the trial court's determination. <u>Id.</u> We further assume that the trial court made all subsidiary findings necessary to support its general finding that the defendant caused the accident. <u>See</u> <u>Nordic Inn Condo. Owners' Assoc. v. Ventullo</u>, 151 N.H. 571, 586 (2004). We find no errors of law in the trial court's order.

Issues raised in the notice of appeal, but not briefed, are waived. <u>Lakes Region Gaming v. Miller</u>, 164 N.H. 558, 562 (2013).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
