# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0674, <u>In the Matter of Tarsha Lamarre and Jeremy Lamarre</u>, the court on April 15, 2016, issued the following order:**

Having considered the brief filed by the petitioner, Tarsha Lamarre, the memorandum of law filed by the respondent, Jeremy Lamarre, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The respondent appeals the parties' final parenting plan, which the Circuit Court (<u>Leonard</u>, J.) entered following a final hearing at which the respondent did not appear. We affirm.

The trial court found the respondent to be in default. On appeal, the respondent requests that we vacate the default judgment. He asserts that he "missed [the] court hearing" because he "made the mistake of confusing dates." The respondent also requests that we enter a new parenting plan that awards him equal parenting time with the parties' children and unsupervised visitation.

As the appealing party, the respondent had the burden of providing this court with a record sufficient to decide his issues on appeal, as well as to demonstrate that he raised his issues before the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). The respondent has not provided the court with the transcript of the final hearing. Nor has he provided the court with any of the other documents that were filed in the trial court and would support his requests for relief. Absent a sufficient record, we must assume that the evidence was sufficient to support the result reached by the trial court. <u>Id</u>. Our review in such a case is limited to legal errors that are apparent on the face of the record. <u>See</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 396-97 (1997). On the record before us, we cannot say that the court erred either in finding the respondent to be in default or in entering the final parenting plan.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,
Clerk**