# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0457, <u>In the Matter of Patrick Shea and Sharon Hupé</u>, the court on February 28, 2017, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Sharon Hupé (mother), appeals a final order of the Circuit Court (<u>Pendleton</u>, J.) on a parenting petition filed by the petitioner, Patrick Shea (father). We construe the mother's pleadings to contend that the trial court erred by: (1) requiring her to incorporate the father's surname into the child's name; (2) not finding the father in arrears on child support for the period she requested; and (3) allowing the father to select a location at which to exchange the child other than the mother's residence, thereby requiring her to share in transporting the child between parenting times.

The appealing party has the burden to provide a record that is sufficient to decide the issues she is raising on appeal and to demonstrate that she raised those issues in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>Fam. Div. R.</u> 1.26(F). Absent a transcript, we assume that the evidence was sufficient to support the result the trial court reached. <u>Bean</u>, 151 N.H. at 250. These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

In this case, the mother has not provided a transcript of the evidentiary hearing that the trial court held on June 30, 2016. Therefore, we assume that the evidence was sufficient to support the trial court's findings. <u>See</u> <u>Bean</u>, 151 N.H. at 250. We examine the trial court's order for errors of law only, <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997), and find none.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

<b>Eileen Fox,<br>Clerk</b>