**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0574, <u>In the Matter of Kevin Tully and Christina Thomas</u>, the court on May 15, 2017, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Christina Thomas (mother), and the intervenor, Peggy Starr (grandmother), appeal orders of the Circuit Court (<u>Foley</u>, J.) adopting a final parenting plan for the youngest child of the mother and the petitioner, Kevin Tully (father), and prohibiting the youngest child and another child from having any contact with the grandmother or her sister, Angela Starr (great-aunt). <u>See</u> RSA 461-A:4 (Supp. 2016). We construe the mother's brief to argue that the trial court erred by: (1) approving a parenting plan that was agreed to by the father and the children's step-father without her input and that she contends the step-father signed "under duress"; (2) not granting her regular visits, including overnights, and telephone calls between her and the youngest child; (3) giving the father, not the step-father, primary residential responsibility for the youngest child; (4) denying her joint decision-making authority with the father because she would continue to be incarcerated in another state for a number of years; (5) not requiring that the youngest child attend public school; and (6) prohibiting the children from having contact with the grandmother or the great-aunt. The grandmother contends that the trial court erred by prohibiting her contact with the children.

It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). It is the appealing party's burden on appeal to provide a record that is sufficient to decide the issues raised and to demonstrate that those issues were raised in the trial court. <u>Id</u>.; <u>see</u> <u>Sup. Ct. R.</u> 13(3), 15(3) (if appealing party intends to argue that a ruling is unsupported by or contrary to the evidence, the party shall include a transcript of all evidence relevant to such ruling). Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court, <u>Bean</u>, 151 N.H. at 250, and review its order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997). These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

In this case, the mother and the grandmother have not supplied the transcript of the hearing they both attended, physically or telephonically, addressing the mother's objection to the parenting plan and motion to amend it and the grandmother's motion to intervene, after which the trial court issued the final parenting plan. Nor have they supplied their motions or a complete copy of the order prohibiting contact between the children and the great-aunt.

Absent the transcript, we cannot determine what offers of proof or other evidence was provided or what arguments were raised. See Bean, 151 N.H. at 250. Therefore, we assume that the evidence was sufficient to support the trial court's determinations. Id. To the extent that the mother argues that the trial court made errors of law, we find none. See Atwood, 142 N.H. at 397. We note that the grandmother represents that her argument on "appeal is exclusively [ ] that the court based its decision on incorrect information."

We further note that the trial court's order described the conditions upon which the mother could again move to modify the parenting plan to seek visitation and the grandmother could renew her request for visitation. The record does not reflect that either has done so.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2