**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0056, <u>In the Matter of Dawn Reeby and David Nazzaro</u>, the court on July 3, 2018, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The petitioner, Dawn Reeby, appeals an order of the Circuit Court (<u>Introcaso</u>, J.) denying her request to modify a child support order to require the respondent, David Nazzaro, to pay increased child support. The narrow question presented by this appeal is whether the proceeds from a parent's liquidation of an inherited asset, without capital gain, constitute "gross income" under RSA 458-C:2, IV (2004). We answer in the negative and affirm.

The record supports the following facts. The parties are the parents of one daughter, born in December 2010. The parties have never been married. In 2009, prior to the birth of the parties' daughter, the respondent inherited a residence and a one-half interest in a business upon his father's death.

In January 2014, the trial court entered a Uniform Support Order that required the respondent to pay the petitioner $550 per month in child support. A year later, in January 2015, the respondent sold the inherited business assets. The respondent received $75,000 in proceeds from that sale. Subsequently, the respondent sold the residence that he had inherited from his father, and received $565,000 in proceeds from that sale. The respondent did not realize any capital gains from the sale of either the business or the real estate assets.

In October 2015, the petitioner filed a motion to modify the standing child support order based upon a substantial change in circumstances: the income she claimed the respondent derived from the sale of his inherited business and real estate assets. <u>See</u> RSA 458-C:7, I(a) (Supp. 2017). Following an evidentiary hearing, the trial court denied the petitioner's request to modify, concluding that the petitioner had failed to prove that the respondent realized "gross income" as defined by RSA 458-C:2, IV from the sale of the inherited assets. This appeal followed.

Trial courts have broad discretion in reviewing and modifying child support orders. <u>In the Matter of Hampers & Hampers</u>, 166 N.H. 422, 433 (2014). However, this dispute presents a question of statutory interpretation, which is a question of law. <u>See</u> <u>id</u>. Therefore, we review the trial court's statutory interpretation <u>de</u> <u>novo</u>. <u>See</u> <u>id</u>.

We first address the petitioner's argument that the trial court erred when it did not deem the cash proceeds derived from the respondent's liquidation of his inherited assets to be "gross income" under RSA 458-C:2, IV. At oral argument, the petitioner conceded that the inherited assets were not, prior to liquidation, "gross income" for child support purposes. Instead, she argued that the liquidation of the inherited assets transformed them into "gross income."

As a threshold matter, we observe that it is unclear whether an asset inherited in 2009 — before the birth of the parties' daughter and years before the motion at issue was filed — should even be regarded as an "inheritance." Similarly, it is unclear whether the liquidation of a long-held asset, which did not generate a capital gain, can constitute a "substantial change of circumstances." See RSA 458-C:7, I(a). Nonetheless, because the parties and the trial court assumed these propositions, we will also assume them for the purposes of deciding the narrow issue before us: whether the proceeds from the liquidation of inherited assets, without capital gain, constitute "gross income" under RSA 458-C:2, IV.

When calculating the parents' obligations under the child support guidelines, the trial court begins with the parties' respective gross incomes. See In the Matter of LaRocque & LaRocque, 164 N.H. 148, 152 (2012). "Gross income" is defined as:

> all income from any source, whether earned or unearned, including, but not limited to, wages, salary, commissions, tips, annuities, social security benefits, trust income, lottery or gambling winnings, interest, dividends, investment income, net rental income, self-employment income, alimony, business profits, pensions, bonuses, and payments from other government programs . . . .

RSA 458-C:2, IV. Assets are not specifically included in this statutory definition and we have consistently held that "[t]he child support guidelines turn on the obligor parent's income available for support, and not on the parent's net worth." Hampers, 166 N.H. at 436; see also In the Matter of Jerome & Jerome, 150 N.H. 626, 632 (2004) ("Under our legislative scheme, assets are not 'income' for child support purposes."); In the Matter of Plaisted & Plaisted, 149 N.H. 522, 525 (2003) ("If the legislature had intended to allow courts to consider assets when calculating child support, it could have broadened the guidelines to so provide . . . ."); RSA 458-C:3 (Supp. 2017) (providing formula for calculating child support obligation under guidelines based upon net income, not assets). We have also held that, if a parent liquidates a business asset and realizes capital gains from that liquidation, the capital gains are "gross income" under RSA 458-C:2, IV. See In the Matter of Maves & Moore, 166 N.H. 564, 567 (2014).

2

Here, the respondent realized no capital gains from the sale of either of his inherited assets. His conversion of illiquid assets — that he had owned for over five years — into cash, without capital gain, simply changed the form of his assets; it did not transform them into income. See Plaisted, 149 N.H. at 525 (holding that trial court could not consider parent's asset of $50,000 in savings account when calculating child support under the guidelines). Therefore, we conclude that the trial court did not err when it ruled that the proceeds the respondent obtained from the liquidation of his inherited assets are not "gross income" under RSA 458-C:2, IV.

Finally, we address the petitioner's argument that the trial court erred when it observed that the petitioner had not argued, nor presented any evidence in support of, the proposition that any interest or dividends that could be generated from the proceeds received by the respondent upon liquidation of his inherited assets constitute "gross income" for child support purposes. The respondent counters that the trial court was right, and, therefore, that the petitioner has not preserved her argument on this issue. We agree with the respondent. We have reviewed the trial court record and conclude that the trial court did not err. Because the petitioner did not raise the issue in the trial court as to whether interest or dividend income generated from the proceeds of the liquidation of an inherited asset constitutes "gross income" under RSA 458-C:2, IV, we do not reach that issue. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) ("It is a long-standing rule that parties may not have judicial review of matters not raised in the forum of trial.").

Affirmed.

LYNN, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.

**Eileen Fox,
Clerk**

3