# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0168, <u>State of New Hampshire v. Jack B. Flanagan, III</u>, the court on October 17, 2018, issued the following order:**

Having considered the defendant's brief, the State's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Jack B. Flanagan, III, appeals his conviction, following a trial in the Circuit Court (<u>Crocker</u>, J.), on a charge of violating RSA 265:22 (2014) by crossing a solid center line of a road.  He argues that, in finding that there was no "emergency" that would have justified his action in crossing the center line, <u>see</u> RSA 265:22, I(a) (allowing a driver to cross a solid center line "[i]n an emergency"), the trial court erred by: (1) not finding that he reasonably believed that there was an emergency that justified his action; (2) not ruling that the term "emergency" is unconstitutionally vague; and (3) allegedly ruling that the existence of an emergency was the only circumstance that would have justified his action.  He further argues that the trial court erred by: (1) allegedly not considering, or allowing him to raise, defenses under RSA 265:16 (2014) and RSA 265:37-a (Supp. 2017); (2) not finding that he met the requirements of RSA 265:16 and RSA 265:37-a as a matter of law; and (3) violating his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, including his privilege against self-incrimination and his rights to due process, equal protection, and a fair trial.

It is a longstanding rule that parties may not have review of issues that they did not raise in the trial court.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  It is the appealing party's burden to provide this court with a record sufficient to decide the issues being raised, and to demonstrate that those issues were also raised in the trial court.  <u>Id</u>.  The trial court must have had the opportunity to consider any issues raised on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration.  N.H. R. Crim. P. 43(a); <u>see</u> <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002).  These rules are not relaxed for self-represented parties.  <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

The defendant has not provided a trial transcript.  Under these circumstances, we assume that a transcript would support the trial court's

decision, and review its decision for errors of law only.  See Bean, 151 N.H. at 250.  The portions of the record that the defendant has provided do not establish that he raised any of the arguments that he now raises other than his arguments that the trial court erred by not considering RSA 265:37-a, and by not finding that, as a matter of law, his conduct was justified by RSA 265:37-a.  Accordingly, we decline to address the defendant's arguments other than the arguments he raised at trial concerning RSA 265:37-a.  Bean, 151 N.H. at 250.

In his motion for reconsideration, the defendant argued that he reasonably believed at the time that he crossed the solid center line and passed the police officer in front of him that the officer was in the process of making a traffic stop because the officer had activated his emergency lights and had pulled to the right of the roadway.  Thus, he contended that under RSA 265:37-a, I(d), he was obligated to "[g]ive [the officer] wide berth," and that his action in crossing over the center line to pass the officer was justified.  In denying the motion, the trial court explained that it had taken "into consideration all testimony and [had] found the defendant's recitation of the facts implausible."

Under these circumstances, the trial court did not fail to consider whether the defendant's conduct was permissible under RSA 265:37-a.  Rather, it considered the argument, and rejected it because it did not find the factual basis for the argument to be credible.  Nor was it compelled to find that the defendant's conduct was justified under RSA 265:37-a.  To the contrary, it was within the province of the trial court to evaluate the defendant's credibility and to find his account of the facts, including his claim that he thought the officer was in the process of making a traffic stop when he decided to pass the officer, "implausible."  State v. Carr, 167 N.H. 264, 275 (2015); State v. Dodds, 159 N.H. 239, 247 (2009) (trier of fact is in best position to measure persuasiveness and credibility of evidence and is not required to believe even uncontested evidence).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

2