# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0117, <u>National Collegiate Student Loan Trust 2006-3 v. Angela J. Pearson & a.</u>, the court on September 16, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Angela J. Pearson (aka Angela Pearson Moore), appeals an order of the Superior Court (<u>Bornstein</u>, J.) requiring her to make periodic payments to the plaintiff, National Collegiate Student Loan Trust 2006-3.  She contends that:  (1) the May 3, 2017 order finding her liable to the plaintiff for monies she borrowed under a 2006 loan agreement was not a final judgment because she had a co-defendant, against whom the case was subsequently dismissed, and the order solely against her did not conform to Superior Court Rule 46(c); and (2) the trial court erred by granting the plaintiff periodic payments based upon that order.  The defendant did not appeal the May 3, 2017 order, either at the time it was issued or following the dismissal of the claims against her co-defendant.

It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  The appealing party has the burden on appeal to provide a record that is sufficient to decide the issues she is raising and to demonstrate that she raised those issues in the trial court. <u>Id</u>.; <u>see</u> <u>Sup. Ct. R.</u> 13(3), 15(3) (if appealing party intends to argue that a ruling is unsupported by or contrary to the evidence, the party shall include a transcript of all evidence relevant to such ruling).  These rules are not relaxed for self-represented parties.  <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

In this case, the defendant has not provided a transcript of the trial court's hearing on the plaintiff's petition for periodic payments.  Thus, we cannot determine whether she raised the issue she now appeals to the trial court.  The record reflects that she did include the issue in a motion to reconsider the periodic payment order.  However, because it presented factual issues that would have required the trial court to conduct a new evidentiary hearing to properly address her claim and because the defendant made no showing of an inability to raise the issue at the time of the original hearing, we conclude that the trial court acted reasonably and within its discretion in declining to address this issue at that time.  <u>See</u> <u>Mt. Valley Mall Assocs. v. Municipality of Conway</u>, 144 N.H. 642, 654-55 (2000) ("It is in the interest of judicial economy to <u>require</u> a party to raise

all possible objections at the earliest possible time . . . ."); <u>Lillie-Putz Trust v. Downeast Energy Corp.</u>, 160 N.H. 716, 726 (2010) ("Whether to receive further evidence on a motion for reconsideration rests in the sound discretion of the trial court.").

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
