# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0712, <u>State of New Hampshire v. Donna L. Wesson</u>, the court on October 26, 2020, issued the following order:**

Having considered the briefs filed by the defendant, the memorandum of law filed by the State, and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm the decision of the trial court.

The defendant, Donna L. Wesson, appeals an order of the trial court (<u>Bornstein</u>, J.) denying a "motion for contest bail forfeit." Following a hearing at which the defendant appeared, the trial court issued an order denying the motion; the court cited the record as support for its decision.

The limited record before us contains the following information. In 2006, the defendant was charged with three counts of issuing bad checks. She pled guilty in 2008. The trial court imposed suspended sentences and she was ordered to make restitution to the victims; the amount to be paid totaled $4,148.24. In November 2014, the defendant appeared at a hearing before the court and reached an agreement with the NH Department of Corrections (DOC) that reduced her restitution payment from $115.00 per month to $10.00 per month; it also required that she keep DOC apprised of her address until she had fully paid the amount due. In April 2019, DOC filed a violation of court order, reporting that the defendant still owed $2,838.24 and that she had last made a payment of $60 in December 2018. When the defendant failed to appear for a July 2019 hearing on the violation notice, the court issued an arrest warrant which set bail at $500 and ordered the bail forfeited to DOC without further hearing. The defendant was arrested in September 2019; the bail order indicated that she was then living in Green, Maine. After she posted the $500 bail, the trial court ordered it forfeited pursuant to the terms of the arrest warrant.

The defendant subsequently filed a motion for bail reduction. A pleading entitled "motion to contest bail forfeit," signed by George Stanley, was also filed. The trial court held a hearing on November 5, 2019. The record contains an agreement signed by the defendant and DOC and approved by the trial court on that date which states that the parties agree: (1) the defendant will make payments of $10 per month beginning in December 2019; and (2) the $500 bail has been forfeited to DOC and applied to the defendant's outstanding restitution balance. The court denied the motion to contest bail forfeit and the subsequent joint motion for reconsideration signed by the defendant and George Stanley.

On appeal, the defendant challenges the validity of her arrest.  She also argues that: (1) the $500 was provided by Stanley; (2) the national trend is not to ask for bail from non-offenders; (3) she would have appeared in court even if she had not been required to post bail; and (4) she had moved and did not receive notice that the State had changed its policy so that she could no longer make semi-annual payments of $60 but rather was required to pay $10 each month.

To the extent that the defendant challenges the validity of her arrest, she has failed to establish error.  RSA 597:37 (2001) authorizes a court to issue a warrant for the arrest of a person under recognizance to appear before the court who fails to appear according to a condition thereof.  The sentences that the defendant could have received in 2008 were suspended based upon her obligation to make restitution.  A condition of the 2014 renegotiated restitution order was that she keep DOC apprised of her address.  When she failed to appear for the 2019 violation hearing, the trial court was authorized to issue an arrest warrant.  See RSA 597:37.

We turn then to the defendant's challenge to the trial court's decision to order forfeiture of the bond.  We recently addressed the standard of review that applies when we review trial court decisions regarding bail bond forfeiture.  See Petition of Second Chance Bail Bonds, 171 N.H. 807, 813 (2019).  Because the legislature has vested trial courts with "substantial discretion" in this area, we apply a deferential standard of review to these decisions.  Id.  In determining whether the trial court's discretionary decision is sustainable, we consider whether the record establishes an objective basis sufficient to sustain it.  Id.  To show that the decision is not sustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of her case.  Id.

We note that the record before us is limited; we have not been provided with a transcript of the hearing held by the trial court.  We have long required an appealing party to provide us with a record that is sufficient to address the issues that she raises on appeal and to demonstrate that she raised each of her arguments before the trial court.  Bean v. Red Oak Prop. Mgmt, 151 N.H. 248, 250 (2004).  We will assume without deciding that the trial court had an opportunity to address the issues raised by the defendant on appeal.  However, in the absence of a transcript, we must presume that the evidence supported the decision of the trial court.  See State v. Woods, 139 N.H. 399, 403 (1995).

Nevertheless, we briefly address the issues raised by the defendant.  Although she contends that she would have appeared in court even if she had not been required to post bail, the record establishes that she had failed to appear for at least two prior court hearings, one in 2015 and another in July 2019.  The defendant asserts that she did not receive notice of the July 2019 hearing because she had moved.  The record reveals, however, that one of the conditions included in the 2014 renegotiated restitution order was that she

keep DOC apprised of her address, a condition that she violated.  But finally, and perhaps most compelling, the record contains an agreement signed by the defendant on November 5, 2019, in which she agrees that her $500 bail payment has been forfeited to DOC and applied to her outstanding restitution balance.

Given this record, we affirm the decision of the trial court.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3