Manchester District Court
No. 2004-026

CLAUDETTE BEAN

v.

RED OAK PROPERTY MANAGEMENT, INC.

Submitted: June 24, 2004
Opinion Issued: July 15, 2004

*Claudette Bean*, by brief, *pro se.*

*James Valentine*, appearing pursuant to Supreme Court Rule 33(2), on the memorandum of law, for the defendant.

DUGGAN, J. The plaintiff, Claudette Bean, brought a small claims action for return of a security deposit paid to the defendant, Red Oak Property Management, Inc. The Manchester District Court (*Emery*, J.) entered judgment for the defendant. We affirm.

The plaintiff and her fiancé rented an apartment from the defendant. Prior to the expiration of their one-year lease, the plaintiff notified the defendant that they would be moving out of the apartment, which they did at the end of November 2001. By letter dated December 7, 2001, the defendant informed the plaintiff of outstanding charges for unpaid rent, cleaning and advertising that totaled $595.00. In light of these outstanding charges, the defendant indicated that it was retaining the plaintiff's security deposit of $595.00.

The plaintiff brought a small claims action for return of the security deposit. A hearing was scheduled for March 28, 2003. The plaintiff alleges that the defendant did not appear. The record, however, contains a motion for continuance, filed by the plaintiff, on March 28, 2003. Thereafter, a hearing was held on December 11, 2003. No transcript of that hearing has been provided to this court. Following the hearing, the district court entered judgment for the defendant.

The plaintiff filed a timely notice of appeal with this court. Under our new appellate rules, which took effect on January 1, 2004, the plaintiff's appeal is a "mandatory" appeal. A timely-filed mandatory appeal is automatically accepted by the court for review on the merits. *See* SUP. CT. R. 3. Question twelve on the notice of appeal form filed by the plaintiff asks whether a transcript of the trial court proceedings is necessary for this appeal. In response, the plaintiff answered "No." Consistent with that answer, the plaintiff did not fill out the transcript order form on page four of the notice of appeal form. Accordingly, the clerk of court issued an order on February 4, 2004, accepting the case and ordering the parties to file briefs, and no transcript of the district court proceedings was ordered to be prepared.

On appeal, the plaintiff argues that the defendant should have been defaulted for not appearing at the first scheduled hearing. She also contends that she did not owe any back rent, that the apartment was cleaned and left undamaged and that the apartment was rented within three days after she vacated it. The plaintiff argues that none of the charges are authorized by the lease.

■ It is a long-standing rule that parties may not have judicial review of matters not raised in the forum of trial. *N. Country Envtl. Servs. v. Town of Bethlehem*, 150 N.H. 606, 619 (2004). Furthermore, absent a transcript of the hearing, we must assume that the evidence was sufficient to support the result reached by the trial court. *See Atwood v. Owens*, 142 N.H. 396, 396 (1997). It is the burden of the appealing party, here the plaintiff, to provide this court with a record sufficient to decide her issues on appeal, as well as to demonstrate that she raised her issues before the trial court. *See Rix v. Kinderworks Corp.*, 136 N.H. 548, 553 (1992); *Reynolds v. Cunningham, Warden*, 131 N.H. 312, 314-15 (1988). Because our rules affirmatively require the moving party both to provide a sufficient record on appeal and to demonstrate where each question presented on appeal was raised below, *see* SUP. CT. RS. 13, 16(3)(b), failure of the moving party to comply with these requirements may be considered by the court regardless of whether the opposing party objects on those grounds.

■ With respect to the plaintiff's first issue on appeal, the record before this court does not demonstrate that the plaintiff requested a default judgment on March 28, 2003, when the plaintiff alleges that the defendant did not appear for a scheduled hearing, or that the plaintiff objected to the trial court holding a hearing on the merits on December 11, 2003. To the contrary, the plaintiff herself filed a motion to continue on March 28, 2003. Accordingly, the plaintiff has not demonstrated that she raised this issue below.

■ Similarly, because the plaintiff failed to provide a transcript of the hearing, she has also failed to demonstrate that she raised her remaining issues before the trial court. Furthermore, to the extent that the plaintiff argues that the evidence did not support the charges for unpaid rent, cleaning and advertising alleged by the defendant in its December 7, 2001 letter, we are unable to review the trial court's findings, again because of the lack of a transcript; we must assume that the evidence was sufficient to support the result reached by the trial court. *See Atwood*, 142 N.H. at 396.

This case demonstrates that the adoption of new appellate rules has not obviated the necessity for appealing parties to consider carefully whether to order a transcript of trial court proceedings. We reiterate here what is

stated in the court's informational sheet about filing a Rule 7 mandatory appeal: In deciding whether a transcript of the trial court proceedings is necessary, the appealing party should keep in mind that "you are responsible for presenting the Supreme Court with a sufficient record to decide the issues on appeal. If you fail to provide a sufficient record, your appeal may be dismissed or the court may not review an issue that you have raised."

*Affirmed.*

BRODERICK, C.J., and NADEAU, DALIANIS and GALWAY, JJ., concurred.