**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0798, <u>Donald Hinton v. Wayne Hinton</u>, the court on June 22, 2015, issued the following order:**

Having considered the defendant's brief and reply brief, the plaintiff's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Wayne Hinton, appeals an order of the Circuit Court (<u>Leary</u>, J.) granting a writ of possession to the plaintiff, Donald Hinton, in his landlord-tenant action. The trial court found that the parties "reside in a shared facility owned by" the plaintiff, and rejected the defendant's assertion that the eviction was retaliatory, <u>see</u> RSA 540:13-a (2007), reasoning that "such a claim is not a defense under RSA [chapter] 540-B – shared facilities," <u>see</u> RSA 540:1-a, IV(e) (Supp. 2014) (stating that RSA chapter 540 does not apply to "[r]esidential real estate under RSA [chapter] 540-B"). On appeal, the defendant argues that RSA 540:1-a, IV, as applied by the trial court to exclude his retaliatory eviction defense, violates his rights to due process of law and equal protection of the laws under the State and Federal Constitutions.

It is a long-standing rule that parties may not have judicial review of arguments they did not raise in the trial court. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). It is the burden of the appealing party, here the defendant, to provide so much of the record as is sufficient to demonstrate that he raised his arguments in the trial court. <u>See</u> <u>id</u>. The portions of the record that have been provided on appeal in this case do not demonstrate that the defendant raised any constitutional arguments in the trial court. Accordingly, he has not demonstrated that he preserved his arguments. <u>See</u> <u>State v. Gaffney</u>, 147 N.H. 550, 553-54 (2002).

To the extent that the defendant invokes the plain error rule, <u>see</u> <u>Sup. Ct. R.</u> 16-A, he has not established the elements of plain error. <u>See</u> <u>E. Derry Fire Precinct v. Nadeau</u>, 155 N.H. 429, 432-22 (2007). To the extent he raises arguments for the first time in his reply brief, the arguments are waived. <u>See</u> <u>Panas v. Harakis & K-Mart Corp.</u>, 129 N.H. 591, 617-18 (1987).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**