# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0445, <u>Ashley Hayes v. Kenneth Avery & a.</u>, the court on November 19, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

Defendant Kenneth Avery appeals an order of the Circuit Court (<u>Gordon</u>, J.), following a hearing on the merits, awarding damages to the plaintiff, Ashley Hayes, on her small claim arising out of an automobile collision. We construe his brief to challenge the factual basis for the award, including the trial court's determinations that he, and not the plaintiff, was at fault, and that the plaintiff is entitled to a damages award in the total amount of $2,611.34 plus interest and costs. We also construe his brief to suggest that, because the plaintiff may have had insurance, he should not be required to reimburse her for the cost that she incurred to be transported to the hospital by ambulance.

We will uphold the trial court's findings and rulings unless they lack support in the evidence or are erroneous as a matter of law. <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003). It is within the province of the trial court to accept or reject, in whole or in part, whatever evidence was presented, and we defer to the trial court's judgment on issues such as resolving conflicts in the testimony, assessing the credibility of witnesses, and determining the weight of the evidence presented. <u>Id</u>. Our role is not to determine whether we would have ruled as the trial court did, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence that it considered. <u>Id</u>.

It is the burden of the appealing party, in this case the defendant, to submit so much of the trial court record as is sufficient to decide the issues raised on appeal, and to demonstrate that he raised those issues at trial. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see also</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."). Absent a transcript of the hearing on the merits, we assume that the evidence at trial was sufficient to support the result reached by the trial court. <u>Bean</u>, 151 N.H. at 250. These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

In this case, the defendant has not provided a transcript of the hearing on the merits. Accordingly, we cannot determine whether he raised all of his issues at trial, and must assume that the evidence was sufficient to support the result reached by the trial court. <u>Bean</u>, 151 N.H. at 250. Moreover, we note that, to the extent the defendant suggests that the plaintiff may have had insurance coverage for her ambulance ride, a plaintiff is generally entitled to obtain a full recovery from a negligent defendant regardless of whether the plaintiff has insurance coverage for any portion of the damages. <u>See</u> <u>Moulton v. Groveton Papers Co.</u>, 114 N.H. 505, 509 (1974).

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**