**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0582, <u>In re Name Change of Robert Verne Towle</u>, the court on April 15, 2016, issued the following order:**

We construe the petitioner's "Reply and Motion to Bar and Preclude" the Department of Correction's (DOC) memorandum of law to constitute the petitioner's reply brief, <u>see</u> <u>Sup. Ct. R.</u> 16(7), and a separate motion to strike the DOC's memorandum of law, <u>see</u> <u>Sup. Ct. R.</u> 21(1). Although the petitioner did not obtain permission to respond to the DOC's objection to his motion, we waive Rule 21(3-A) and accept his response.

We deny the petitioner's motion to strike the DOC's memorandum of law. To the extent that he argues that the DOC is not a party, we waive the requirements of Rule 30 and grant the DOC's request to appear as <u>amicus curiae</u>. <u>See</u> <u>Sup. Ct. R.</u> 1, 30(3) (consent to State appearing as <u>amicus</u> not required). To the extent that he argues that Senior Assistant Attorney General Laura Lombardi is not authorized to represent the DOC, we note that RSA 21-M:11 (Supp. 2015) authorizes the attorney general to represent executive branch agencies in civil matters.

Having considered the brief and the reply brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Robert Verne Towle, appeals an order of the Circuit Court (<u>Leonard</u>, J.), denying his motion to waive the fee to file a petition to change his name, <u>see</u> RSA 537:3-i (2007), but giving him permission to pay it over six months. We note that, in a parenthetical, the petitioner's motion also referred to "Sheriff fee." However, the amount of the requested fee to be waived was consistent with the filing fee. <u>See</u> <u>Prob. Div. R.</u> 169(e). Accordingly, we interpret the trial court's order to refer to the filing fee only. <u>See</u> <u>Fischer v. Superintendent, Strafford County House of Corrections</u>, 163 N.H. 515, 519 (2012) (stating interpretation of trial court order is question of law, which we review <u>de</u> <u>novo</u>.) The petitioner argues that the trial court "deprived him [of] his Due Process and religious freedoms under both the New Hampshire and the United States Constitutions."

The petitioner states that "[t]he issue is <u>NOT</u> that the state denies indigent inmates access to the court[,] . . . . [but] <u>is</u> whether the [Circuit] Court erred in denying [him] access to the court." (Quotation and citation omitted; emphasis in original.) The petitioner does not explain why RSA 623-B:3 (2001), which

authorizes the trial court to waive prepayment of fees associated with civil actions by inmates upon an affidavit showing an inability to pay, is constitutionally deficient. On the contrary, he argues that "the trial court chose not to apply that statute as it denied [his] motion." Accordingly, we construe the petitioner's argument to be that the trial court unconstitutionally applied the statute, rather than that it is facially unconstitutional.

RSA 623-B:3, I, provides that "[a] court may authorize the commencement . . . of any civil . . . proceeding without prepayment of fees . . . , by any inmate who makes an affidavit that such inmate is unable to pay such fees." We note that the petitioner has failed to provide a copy of the financial affidavit he submitted to the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (stating appealing party's burden to supply record sufficient to decide issues on appeal). The petitioner argues that he did not see "a need to retain a copy of the financial affidavit and has had no funds in [sic] which to ask the trial court for a copy." However, absent a complete record, we assume the evidence was sufficient to support the result reached by the trial court, Bean, 151 N.H. at 250, and review its order for errors of law only, see Atwood v. Owens, 142 N.H. 396, 397 (1997). These rules are not relaxed for self-represented parties. See In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56-57 (2006). We note that, if the petitioner lacked the financial means to obtain a copy of his financial affidavit, he was not without a remedy on appeal. See Sup. Ct. R. 13(4) (providing that a party may file a motion in this court to order the trial court to provide any paper in the case when it would be impractical for the party to provide a copy in an appendix).

Even if we were to assume, however, that the petitioner's representations concerning his income are consistent with the financial affidavit he filed in the trial court, and that the record is sufficient to decide his arguments upon appeal, his representations support the trial court's finding that he was able to pay the filing fee over six months. Upon this record, we cannot conclude that the trial court deprived the petitioner of due process by denying his motion to waive the fee and allowing him to pay it over six months. To the extent that the petitioner argues that the trial court erred by not accepting his alternative proposal to deduct ten percent from his inmate trust account until the fee was paid, we cannot conclude that the trial court erred by choosing instead to require him to pay the fee over six months.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**