**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0688, <u>Joel Weiner v. Larry Harvey</u>, the court on May 26, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Larry Harvey (owner), appeals a small claim judgment issued by the Circuit Court (<u>Runyon</u>, J.) in favor of the plaintiff, Joel Weiner (builder). We construe the owner's brief to contend that the trial court erred because: (1) its judgment was not supported by the evidence; and (2) the judge had a conflict of interest that interfered with his ability to decide the case impartially.

It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). The appealing party has the burden on appeal to provide a record that is sufficient to decide the issues he is raising and to demonstrate that he raised those issues in the trial court. <u>Id</u>. Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court, <u>id</u>., and review its order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997). These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

In this case, the owner stated in the notice of appeal that a transcript of the trial court hearing was not necessary. We note that on the day on which his brief was due, the owner filed a "motion for vacate the brief" that sought information regarding how to request a transcript. We denied that motion, in part, because the owner failed "to explain why he waited until the due date for his brief to express confusion about the procedure for ordering a transcript that his notice of appeal said was not necessary for this appeal."

In the absence of a transcript, we cannot determine what evidence was offered or what arguments were raised in the trial court. <u>See</u> <u>Bean</u>, 151 N.H. at 250. Therefore, we assume that the evidence was sufficient to support the trial court's determination. <u>Id</u>. We review the trial court's order for errors of law only, <u>see</u> <u>Atwood</u>, 142 N.H. at 397, and find none.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
