# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0484, <u>Mark Glunts v. Mark Sanchez</u>, the court on February 27, 2017, issued the following order:**

Having considered the brief filed by the plaintiff, Mark Glunts, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See Sup. Ct. R. 18(1).  The plaintiff appeals the decision of the Circuit Court (<u>Kent</u>, Referee, approved by <u>Rappa</u>, J.), which awarded him no money on his breach of contract claim against the defendant, Mark Sanchez.  We affirm.

The trial court's order recites the following facts.  In September 2013, the parties agreed that the defendant would construct speaker cabinets for the plaintiff.  The plaintiff gave the defendant a $650 deposit.  The defendant purchased plywood and began the millwork, but then became incapacitated.  The plaintiff attempted to contact the defendant on numerous occasions, but received no response.  Thereafter, he brought this action to recover his deposit.

The trial court found that the parties abandoned their contract.  Accordingly, the court ruled that the plaintiff was not entitled to the return of his deposit.  However, the court determined that the plaintiff was entitled to the cabinets in their unfinished state.

On appeal, the plaintiff asserts that "[p]hone documents . . . clearly show[ ] that [he] did not abandon the contract."  However, the plaintiff has not provided those documents in an appendix or requested the transfer to this court of the trial court exhibits.  Nor has he requested that a transcript of the circuit court hearing be prepared.

As the appealing party, the plaintiff has the burden of providing this court with a record sufficient to decide his issues on appeal.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); see Sup. Ct. R. 13(2) ("The moving party shall be responsible for ensuring that all or such portions of the record relevant and necessary for the court to decide the questions of law presented by the case are in fact provided to the supreme court"; "[t]he supreme court may dismiss the case or decline to address specific questions raised on appeal for failure to comply with this requirement."); Sup. Ct. R. 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion.").  Without a transcript of the circuit court hearing and the exhibits entered

therein, we must assume that the evidence was sufficient to support the result reached by the trial court.  <u>See</u> <u>Bean</u>, 151 N.H. at 250.  Our review in such a case is limited to legal errors that are apparent on the face of the record.  <u>See</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 396-97 (1997).  Because the plaintiff has not developed an appellate argument demonstrating that the trial court erred as a matter of law, we affirm.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**