# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0045, <u>Jan Jasik v. Catamount Ridge, LLC a/k/a All State Builders, Inc.</u>, the court on June 23, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, Jan Jasik (buyer), appeals a small claim judgment issued by the Circuit Court (<u>Tenney</u>, J.) in favor of the defendant, Catamount Ridge, LLC a/k/a All State Builders, Inc. (builder).  We construe the buyer's brief to argue that the trial court erred by:  (1) not finding that the builder breached the warranty of habitability; (2) not finding that the builder made material misrepresentations; (3) not requiring the builder to resolve the defects in the house and yard that the buyer identified; (4) relying upon the agreement the parties entered into at the time of the sale; (5) not cross-examining the builder's representative under oath; (6) declining to admit the buyer's exhibit; (7) not relying upon expert evidence offered by the buyer; and (8) not requiring the builder to comply with RSA chapter 359-G (2009), which establishes a resolution procedure for disputes regarding residential construction defects.

It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  It is the appealing party's burden on appeal to provide a record that is sufficient to decide the issues he is raising and to demonstrate that he raised those issues in the trial court.  <u>Id</u>.; <u>see</u> <u>Sup. Ct. R.</u> 15(3) (if appealing party intends to argue that a ruling is unsupported by or contrary to the evidence, the party shall include a transcript of all evidence relevant to such ruling).  Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court, <u>Bean</u>, 151 N.H. at 250, and review its order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997).  These rules are not relaxed for self-represented parties.  <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

In this case, the buyer has not provided a transcript of the hearing before the trial court.  Thus, we cannot determine what evidence was offered or what arguments were raised.  <u>See</u> <u>Bean</u>, 151 N.H. at 250.  Accordingly, we assume that the evidence was sufficient to support the trial court's determinations, <u>id</u>.,

we review its order for errors of law only, <u>see</u> <u>Owens</u>, 142 N.H. at 397, and we find none.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**