# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0466, State of New Hampshire v. Michael A. Brochu, the court on June 23, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The defendant, Michael A. Brochu, appeals the decision of the Circuit Court (LeFrancois, J.), following a bench trial, finding him guilty of using a hand-held mobile electronic device while driving, first offense, a violation. See RSA 265:79-c (Supp. 2019). We construe his brief to argue that: (1) the evidence was insufficient to establish that he used his cellular telephone while operating a motor vehicle; and (2) the trial court erred by excluding a document he alleged to be his call records.

When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences from it in the light most favorable to the State. State v. Sanborn, 168 N.H. 400, 412 (2015). The defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt. Id. When reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation. Id. at 413. Further, the trier of fact may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom. Id. Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is de novo. State v. Cable, 168 N.H. 673, 677 (2016).

RSA 265:79-c prohibits anyone driving a motor vehicle from using a hand-held mobile electronic device, but does "not preclude the use of either hand merely to activate, deactivate, or initiate a function of the telephone." RSA 265:79-c, II(c).

In this case, the police officer who stopped the defendant's motor vehicle testified that he saw the defendant "manipulating" his cell phone with his finger while he was driving. The officer described the defendant as appearing to be "punching on the screen," demonstrating the motions that he saw the defendant make with his own fingers as he testified. The officer further

testified that he observed the defendant, as he drove by the officer, manipulating his cell phone "probably a couple of times." The officer and the defendant agreed that when the officer approached the vehicle and spoke to the defendant, the defendant had his cell phone in his hand and was carrying on a conversation with a third party, whom the officer could hear. The defendant's witness testified that the defendant's phone allowed him to search the internet and to send text messages while engaged in a phone call.

The defendant argues that he was not violating RSA 265:79-c if he was merely activating, deactivating, or initiating a function on the phone. However, he testified that he began a phone conversation with the third party before the officer saw him and that that conversation continued after the officer stopped his vehicle. Thus, the trial court could have reasonably inferred that whatever the officer observed the defendant doing on his phone was not activating or deactivating it.

Without reference to any authority, the defendant accuses us of having "deemed . . . in cases that rel[y] on testimonial evidence[, that] the testimonial evidence given by an officer weighs more than that of the Defendant." On the contrary, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of the witnesses, and determining the weight to be given evidence. White v. State, 171 N.H. 326, 330 (2018).

On this record, we conclude that a rational trier of fact could have found the essential elements of the violation beyond a reasonable doubt, considering all the evidence and all reasonable inferences from it in the light most favorable to the State. See Sanborn, 168 N.H. at 412.

We next address whether the trial court erred by not admitting a document offered by the defendant. The trial court has discretion whether to admit or exclude evidence. State v. Palermo, 168 N.H. 387, 391 (2015). To prevail on his challenge to the trial court's ruling, the defendant must demonstrate that it was clearly untenable or unreasonable to the prejudice of his case. Id.

The defendant represented to the trial court that his proffered document showed "the incoming/outgoing phone calls from my cell phone" on the day he was stopped. Given that the defendant acknowledged that he was engaged in a conversation on his cell phone that began before he was stopped and ended after the stop was finished, the trial court could have reasonably decided that a list of his calls was merely cumulative. The prosecutor objected to the admission of the document because it did not even have a cell phone company's name on it and there was no way to know who created it. The defendant represented that it had been downloaded from the internet by a third party, who was not present in the courtroom. The trial court could have

2

reasonably decided from this that the document could not be properly authenticated as a business record.  See N.H. R. Ev. 803(6), 902(11).  Because the defendant has not supplied a copy of the document that he sought to admit, we assume that the record supports the trial court's decision.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (stating that appellant has burden to provide record sufficient to decide issues on appeal and, in the absence of sufficient record, we must assume that evidence was sufficient to support result trial court reached).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.


**Timothy A. Gudas,**
**Clerk**