# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0169, <u>David Neal v. Anthony Bertino</u>, the court on November 2, 2020, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, David Neal (tenant), appeals a final order entered by the Circuit Court (<u>LeFrancois</u>, J.) in his action brought under RSA 540-A:4 (Supp. 2019) alleging that the defendant, Anthony Bertino (landlord), had willfully and unlawfully locked him out of his apartment, entered his apartment, and seized his personal property. <u>See</u> RSA 540-A:4, II, III, IV. The trial court ruled that the landlord had successfully mounted an abandonment defense to the tenant's action. We affirm.

The trial court found the following facts. The tenant rented one unit in a duplex owned by the landlord. The monthly rental was $1,300. The landlord testified that the rental amount increased to $1,600 as of October 1, 2019. By October 19, the tenant moved most of his belongings from the unit and his adult son informed the landlord's girlfriend that the tenant was moving out. That evening, the landlord observed that the bulkhead and cellar door to the premises were wide open. The landlord entered the premises and saw that most of the tenant's possessions had been removed. There were keys left on the kitchen counter. Concerned that the unit's doors and windows had been left open and anticipating a storm, the landlord texted the tenant, asking the tenant to call him. On October 25, the tenant confirmed that he was moving out.

The next day, on October 26, the landlord issued an abandonment letter to the tenant as set forth in RSA 540-A:4, XII. Thereafter, the landlord had the locks changed. The landlord messaged the tenant that the tenant should contact him to pick up his few remaining belongings. On October 28 or 29, the tenant and/or his adult son made arrangements with the landlord to access the premises to remove the remaining items.

The tenant filed the instant petition on October 28. In response, the landlord asserted as an affirmative defense that the tenant had abandoned the property. Following an evidentiary hearing, the trial court ruled in favor of the landlord on his affirmative defense of abandonment. The trial court found that "photographic evidence . . . shows that as of October 26, the majority of [the tenant's] personal possessions had been removed from the premises . . . and that the few remaining items were not . . . consistent with the continued use of the premises." The court noted that keys had been left on the kitchen counter and that the landlord had acted reasonably to protect the premises by closing

the open doors and windows. The court further found that the tenant had been "able to obtain the remainder of any possessions at the premises." Thus, the court ruled, the landlord established an abandonment of the premises defense to the petition. The tenant unsuccessfully moved for reconsideration, and this appeal followed.

We will not disturb the findings of the trial court unless they lack evidentiary support or are erroneous as a matter of law. Randall v. Abounaja, 164 N.H. 506, 508 (2013); see RSA 540–A:4, V. Our inquiry is to determine whether the evidence presented to the trial court reasonably supports its findings, and then whether the court's decision is consonant with applicable law. Randall, 164 N.H. at 508. We review questions of law de novo. Id.

RSA 540-A:4, XII provides, in pertinent part, that "abandonment of possession" is an affirmative defense to an action brought under RSA chapter 540-A. Abandonment of possession "means all tenants have physically vacated the premises without the intent to return." RSA 540-A:4, XII(b). There is a rebuttable presumption of abandonment if: (1) the landlord provides the tenants with a written notice of property abandonment in a form and manner set forth by statute; and (2) at least two of four statutorily-enumerated conditions are present. RSA 540-A:4, XII(b)(1)-(2), (d). As relevant to this appeal, two of those conditions are: (1) "[a]ll keys to the rented or leased premises have been returned to the landlord, which shall include leaving all keys in the rented or leased premises"; and (2) "[t]he tenant or tenants have removed from the rented or leased premises all or the majority of their personal property, and the only items remaining in the premises are inconsistent with the continued use of the premises." RSA 540-A:4, XII(b)(2)(B), (C). Although the tenant discusses a third statutorily-enumerated condition, that "[a]ll adult tenants of the rented or leased premises have notified the landlord in writing of their intent to vacate the premises by a certain date and that date has passed," RSA 540-A:4, XII(b)(2)(A), we disagree with him that the trial court found this third condition to be met. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of trial court order is a question of law, which we review de novo).

On appeal, the tenant first argues that "the evidence cannot sustain a finding that all keys were returned to [t]he landlord." (Emphasis added.) He asserts that he and his son testified "that they still possessed the original keys to the premises provided by [the landlord] when [the tenant] first moved into the premises," and that the landlord had testified that "he knew there were more keys to the property because there were four people living in the premises."

However, based upon the evidence before it, the trial court reasonably found to the contrary. The lease agreement between the landlord and the tenant provided that the tenant "will be issued one set of keys" and that if "keys are lost, the fee is $20.00 to replace." The landlord testified that when he

arrived at the premises on October 19, "[t]here was a set of keys on the counter." He further testified that that set was the set he had given the tenant "when he signed his lease." He testified, "I gave [the tenant] one set of keys and that's what was on the counter," and that he did not know if the tenant had "made multiple sets of keys."

Although there was conflicting evidence, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. Cook v. Sullivan, 149 N.H. 774, 780 (2003). The fact finder may accept or reject, in whole or in part, the testimony of any witness or party, and is not required to believe even uncontroverted evidence. Brent v. Paquette, 132 N.H. 415, 418, (1989). Here, the trial court was not compelled on the record before it to find that the "[a]ll keys to the rented or leased premises" were not "returned to the landlord." RSA 540-A:4, XII(2)(B).

The tenant next asserts that the evidence compelled a finding that the tenant "still had items in the premises that were consistent with [his] continued use of the premises." The trial court based its contrary finding upon photographs of the items left at the premises. However, the tenant has not provided those photographs as part of the appellate record. As the appealing party, the tenant had the burden of providing us with a record sufficient to decide his appellate issues. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250, (2004); see Sup. Ct. R. 13. Absent the photographs, we must assume that the evidence supported the trial court's finding that, "as of October 26, the majority of personal possessions had been removed from the premises by [the tenant] and that the few remaining items were not items consistent with the continued use of the premises."

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

3