NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

9th Circuit Court-Milford District Division
No. 2020-0472


MAIA MAGEE

v.

VITA COOPER

Submitted: September 28, 2021
Opinion Issued: December 3, 2021

Wadleigh, Starr & Peters, PLLC, of Manchester (Craig Donais and Stephen Zaharias on the brief), for the plaintiff.


Bruce J. Marshall Law Offices, P.L.L.C., of Bow (Bruce J. Marshall on the brief), for the defendant.

HICKS, J. The plaintiff, Maia Magee (tenant), appeals an order of the Circuit Court (Derby, J.), following an evidentiary hearing, entering judgment for the defendant, Vita Cooper (landlord), on the tenant's claim that the landlord willfully violated her right to quiet enjoyment of residential property. See RSA 540-A:2, :4 (2021). We affirm.

## I. Background

On August 4, 2020, the trial court continued a final hearing in a separate eviction matter brought by the landlord against the tenant. A week after the continuance was granted, the tenant filed the present action alleging that the landlord had willfully violated her right to quiet enjoyment under RSA 540-A:2.

The tenant alleged that, in retaliation for the August 4 continuance of the eviction proceeding, the landlord: (1) played "loud" rock music on an outdoor stereo system early in the morning and during the day from 8:30 a.m. on Friday, August 7 until 8:30 p.m. on Sunday, August 9, and "for several hours" after 6:00 p.m. on Monday, August 10; (2) yelled "GET OUT OF MY HOME!" loudly from her property on August 10; (3) either shot a gun or ignited firecrackers during the evening of August 9 and between 7:00 a.m. and 8:30 p.m. on August 10; and (4) had an unknown and unidentified man, carrying a camera, trespass on the leased property on August 9. Additionally, the tenant alleged that the landlord breached a term of her lease prohibiting the tenant from playing a "musical instrument, radio, television, or other like device in the leased premises in a manner offensive to other occupants of the building" or during certain hours.

The trial court held a final evidentiary hearing on the petition. Both parties submitted offers of proof, supplemented by the tenant's testimony and video recordings. Thereafter, the trial court entered judgment for the landlord. This appeal followed.

## II. Analysis

On appeal, the tenant argues that the evidence compelled a finding that the landlord willfully violated her right to quiet enjoyment. She asserts that, in finding to the contrary, the trial court improperly failed to consider the timing of the alleged "bad actions," and misconstrued and mischaracterized certain items of evidence. Furthermore, the tenant contends that the trial court erred by: (1) considering each of the landlord's alleged "bad actions" individually, rather than considering whether, collectively, such actions violated her right to quiet enjoyment; (2) not considering whether the landlord's alleged "bad actions" violated the parties' lease; and (3) relying upon the tenant's failure to submit evidence of a local sound ordinance.

Before proceeding to consider the record before us, we briefly address our standard of review. A standard of review lies at the heart of the appellate function. It sets forth the amount of deference to be accorded the decision under review. In a landlord-tenant appeal taken under RSA chapter 540-A, the legislature has prescribed the standard of review that governs certain cases. RSA 540-A:4, V states: "The findings of facts shall be final but questions of law

may be transferred to the supreme court in the same manner as from the superior court." RSA 540-A:4, V (2021) (emphasis added). By the statute's plain terms, review is limited and, as to factual findings, it is highly deferential.

With respect to the standard of review in this case, we apply binding precedent from Miller v. Slania Enterprises. See Miller v. Slania Enterprises, 150 N.H. 655 (2004). The Miller Court cited but did not discuss the standard of review prescribed in RSA 540-A:4, V. Id. at 659. Instead, it quoted and adopted the standard set forth in Sherryland v. Snuffer, 150 N.H. 262, 265 (2003). Id. Sherryland concerned an eviction from a manufactured housing park for nonpayment of rent pursuant to RSA chapter 205-A and the tenant's retaliation defense under RSA chapter 540. Sherryland, 150 N.H. at 263, 265-66. There was no discussion in Sherryland of RSA 540-A:4, V. See id. at 266-69.

Whether there are substantive differences between the Miller standard and the standard set forth by the legislature in RSA 540-A:4, V is a question for another day. Because there is no stare decisis argument before us, we will apply the Miller standard to this case.

RSA 540-A:2 prohibits a landlord from "willfully violat[ing] a tenant's right to quiet enjoyment of [her] tenancy." The statute protects a tenant's right to quiet enjoyment, a common law doctrine that obligates a landlord to refrain from interfering with a tenant's right to possession of leased property during the tenancy. DiMinico v. Centennial Estates Coop., 173 N.H. 150, 156 (2020). We construe RSA 540-A:2 to conform to the common law. See Adams v. Woodlands of Nashua, 151 N.H. 640, 641 (2005).

A landlord violates a tenant's right to quiet enjoyment when she substantially interferes with the tenant's beneficial use or enjoyment of the leased property. DiMinico, 173 N.H. at 156. To constitute a violation of RSA 540-A:2 and trigger the damages provisions of RSA 540-A:4, however, the landlord must act "willfully." Id. at 160. "'Willfully'. . . denotes a voluntary and intentional act, and not a mistaken or accidental act." Wass v. Fuller, 158 N.H. 280, 283 (2009).

Whether a landlord has substantially interfered with a tenant's right to quiet enjoyment, or has done so willfully, are questions of fact. See DiMinico, 173 N.H. at 156-57; cf. West v. Turchioe, 144 N.H. 509, 513 (1999) (determining "whether a party is willfully underemployed is a question of fact for the fact finder"). Therefore, we will uphold the trial court's findings and rulings unless they lack evidentiary support or are otherwise tainted by error of law. DiMinico, 173 N.H. at 157; Randall v. Abounaja, 164 N.H. 506, 508 (2013). "[O]ur inquiry is to determine whether the evidence presented to the

trial court reasonably supports its findings, and then whether the court's decision is consonant with applicable law." Miller, 150 N.H. at 659 (quotation omitted).

In the instant case, the trial court found that the tenant had not demonstrated "that the alleged gun shots and firecrackers were in retaliation against the tenant for the outcome of the August 4 hearing." Nor had the tenant provided evidence connecting the trespassing photographer to the landlord. With respect to the music and yelling, the trial court found that the landlord's actions did not substantially interfere with the tenant's quiet enjoyment. The trial court reasoned that the music "was played during a summer weekend when people generally listen to music outside," that it "did not appear to overpower regular conversation," and that some of the videos appeared to have been recorded either from or close to the landlord's lot.

Contrary to the tenant's assertions, her allegations were not uncontroverted. Although the landlord admitted that she played music at times during the relevant weekend and ignited a few firecrackers on the evening of August 9, she denied that she played music continuously for several days on end, that the music was loud, or that she set off fireworks during both pre-dawn and post-sunset hours over a multiple-day period. Even if such claims had been uncontested, however, the trial court was not required to credit them. See Town of Newbury v. Landrigan, 165 N.H. 236, 240 (2013) (explaining that the trial court may accept or reject, in whole or in part, any evidence presented by the parties). Moreover, the trial court heard evidence disputing the tenant's contention that the landlord deliberately attempted to remove the tenant. As such, we conclude the trial court's decision was reasonable and supported by sufficient evidence. See Miller, 150 N.H. at 659.

The tenant's remaining arguments are not preserved for our review. The appealing party must provide this court with a record demonstrating that she raised her appeal issues in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). "The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration." McDonough v. McDonough, 169 N.H. 537, 545 (2016); see Dist. Div. R. 1.8(I) (stating that, to preserve challenge to alleged errors in trial court's decision not raised previously in the case, appealing party must identify errors in motion to reconsider).

Here, the tenant has failed to provide a record demonstrating that she argued in the trial court, as she argues on appeal, that the trial court erred by failing to consider the landlord's actions collectively, by failing to determine whether the landlord breached the lease, and by relying upon the tenant's

4

failure to submit evidence of a local sound ordinance. Accordingly, we decline to consider the merits of these arguments. See McDonough, 169 N.H. at 545.

We conclude that the tenant has failed to meet her burden to establish that there is a question of law warranting reversal, see RSA 540-A: 4, V, nor has she overcome the Miller/Sherryland review precepts. Accordingly, we affirm the decision of the trial court.

To the extent the landlord requests an award of attorney's fees incurred in defending this appeal, the request is denied without prejudice. The landlord may renew this request by filing a properly-supported motion for attorney's fees. See Sup. Ct. R. 23.

Affirmed.

MACDONALD, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.