# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0390, <u>In the Matter of Edward Hewey and Heather Hewey</u>, the court on September 15, 2022, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioner, Edward Hewey (Husband), appeals the final decree of the Circuit Court (<u>DalPra</u>, M., approved by <u>Curran</u>, J.) in his divorce from the respondent, Heather Hewey (Wife). We affirm.

The trial court has broad discretion in fashioning a final divorce decree. <u>In the Matter Spenard & Spenard</u>, 167 N.H. 1, 3 (2014). Its discretion encompasses decisions concerning alimony, child support, and the division of marital property and debt. <u>Id</u>.; <u>In the Matter of Muller & Muller</u>, 164 N.H. 512, 518 (2013). Its discretion likewise includes assigning weight to evidence and evaluating the credibility of witnesses. <u>In the Matter of Summers & Summers</u>, 172 N.H. 474, 479 (2019).

We will not overturn the trial court's rulings absent an unsustainable exercise of discretion. <u>Spenard</u>, 167 N.H. at 3. Accordingly, our review is limited to whether there is an objective basis sufficient to sustain the trial court's discretionary judgments. <u>Id</u>. Conflicts in testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve. <u>Summers</u>, 172 N.H. at 479. The trial court's factual findings are binding upon us if they are supported by the evidence and are not legally erroneous. <u>Id</u>. If the trial court's findings could reasonably have been made on the evidence before it, they will stand. <u>Spenard</u>, 167 N.H. at 3.

On appeal, Husband challenges the trial court's property distribution, alimony award, child support award, and its decision to award Wife $5,000 as reasonable attorney's fees because he "willfully failed to comply with previous court orders." Specifically, he argues that (1) the trial court's unequal division of the marital estate was inequitable; (2) Wife was not entitled to alimony because she "failed to establish that she lacks sufficient income or property to meet her reasonable needs"; (3) Wife should have been ordered to provide child support to Husband; and (4) the court "unjustly punished [him] twice for the same contempt" by ordering him to pay Wife $5,000 in attorney's fees.

We are limited in our ability to review the merits of Husband's arguments because he has failed to provide a complete record for our review. For instance, the transcripts reveal that the parties introduced multiple exhibits at trial relative

to their financial circumstances, yet Husband has provided none of those exhibits as part of the record on appeal.

Additionally, the trial court found that Husband "failed to comply with many court orders," including an order that he provide health insurance. Wife testified that she brought several contempt motions against Husband related to his failure to provide health insurance and alimony, among other things. She also testified that the trial court deferred ruling on some of her contempt motions until the final hearing and that she sought attorney's fees in connection with those motions. Yet, Husband did not provide in the appellate record Wife's contempt motions or any objection he filed to them. And, although he has provided the trial court's September 2020 order fining him $300 for violating a court order that precluded his girlfriend from having contact with the parties' children, he has not provided copies of the other orders to which the trial court and Wife alluded.

As the appealing party, Husband had the burden of providing this court with a record sufficient to decide his issues on appeal. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see Sup. Ct. R. 13. Without a complete record, we must assume that the evidence supported the trial court's decision. See Bean, 151 N.H. at 250. We review the court's decree for errors of law only, see Atwood v. Owens, 142 N.H. 396, 397 (1997), and find none.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2