# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2021-0446, In re Estate of Patricia J. Santos, the court on October 19, 2022, issued the following order:

We accept the brief that the appellant, Randy Santos, refiled on June 6, 2022 as timely filed. We treat the motion filed by Barry Santos to strike the appellant's brief as applying to the refiled brief, and deny the motion. To the extent that Barry Santos asked for a continuance to respond to the refiled brief, his request is moot because he has already responded to the refiled brief. Barry Santos' motion to dismiss this appeal is denied.

Having considered the briefs and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). The appellant, the executor of the estate of Patricia J. Santos, appeals an order of the Circuit Court (Leonard, J.) awarding him a fee of $25,000 for obtaining a personal injury settlement on behalf of the estate. We affirm.

Our standard for reviewing probate division decisions is set forth by statute. See RSA 567-A:4 (2019). "The findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made." Id. Consequently, we will not disturb the probate division's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law. In re Estate of Donovan, 162 N.H. 1, 3-4 (2011).

"This court has long held that an executor is entitled to a commission." In re Estate of Rolfe, 136 N.H. 294, 298 (1992). In determining the amount of a reasonable commission, the court should consider the size of the estate and its complexity, and the executor's responsibilities in light of the services rendered "with the amount dependent upon the labor, risk, and responsibility and trouble of each particular case." Id. (quotation omitted). "The court's role is not merely to 'rubber stamp' the requested fees, but rather to exercise its discretion in each case to determine what fees are reasonable." Id. "Accordingly, the size of the estate is but one factor to be considered, with the final executor's fee determination being based on the actual work performed and the concomitant articulable risks and responsibilities in a particular case." Id.

The trial court in this case, based upon the executor's documentation, the parties' arguments at the hearing, and "the range of hourly rates approved by Probate Courts throughout the State of New Hampshire for executor fees

which ranges from $30-$100 per hour," determined "that a reasonable amount for the . . . wrongful death settlement fee is $25,000."  (Quotation omitted).

On appeal, the executor argues that the $25,000 fee was unreasonable as a matter of law and that the evidence submitted to the trial court supported a higher amount.  Although the executor has provided a transcript of the trial court hearing, he has not provided in the appellate record the documents he submitted to the trial court.  As the appealing party, the executor had the burden of providing us with a record sufficient to decide his appellate issues.  Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250, (2004); see Sup. Ct. R. 13.  Absent those documents, we must assume that the evidence supported the trial court's decision.  See Bean, 151 N.H. at 250.  We review the trial court's order for errors of law only, and find none.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**