**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0068, <u>Rocket Real Estate Solution, LLC v. Ferron Mckearney</u>, the court on June 16, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The defendant, Ferron Mckearney, appeals a small claim judgment of $3,500 plus interest and costs entered by the Circuit Court (<u>Greenhalgh</u>, J.), following a trial on the merits, in favor of the plaintiff, Rocket Real Estate Solution LLC, on a claim for breach of contract.  The trial court found that the plaintiff was in breach of the parties' contract, but that the plaintiff's breach was not material, that the defendant did not prove that the plaintiff's breach caused him to suffer any damages, and that the defendant substantially breached the contract by ceasing to perform under it.  <u>See Fitz v. Coutinho</u>, 136 N.H. 721, 724-25 (1993) (discussing the material breach doctrine).  The trial court further found that the defendant did not file a counterclaim against the plaintiff.  <u>See Dist. Div. R.</u> 4.3(d).  On appeal, the defendant argues that the trial court erred by not considering evidence of certain alleged damages that he claims the plaintiff or its representative caused him, and by not setting off the judgment by such damages.  We affirm.

Whether the plaintiff materially breached the parties' contract is a factual determination for the trial court to make.  <u>See Found. for Seacoast Health v. Hosp. Corp. of America</u>, 165 N.H. 168, 181 (2013); <u>Fitz</u>, 136 N.H. at 725.  We will uphold the trial court's factual findings and legal rulings unless they lack evidentiary support or constitute clear error of law.  <u>Found. for Seacoast Health</u>, 165 N.H. at 181.  It is the burden of the appealing party, here the defendant, to provide a record sufficient to decide the issues raised on appeal, and to demonstrate that he raised those issues in the trial court.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  Absent a trial transcript, we assume that the evidence was sufficient to support the trial court's findings, and we review its decision for errors of law only.  <u>Id</u>.; <u>Atwood v. Owens</u>, 142 N.H. 396, 396-97 (1997).

In this case, the defendant has not provided a transcript of the hearing on the merits.  Accordingly, we assume that the evidence was sufficient to support the trial court's findings that the plaintiff's breach of the parties' contract was not material and did not cause the defendant any damages.

<u>Bean</u>, 151 N.H. at 250.  Moreover, the trial court specifically found that the defendant had not filed a counterclaim, <u>see</u> <u>Dist. Div. R.</u> 4.3(d), and the record on appeal does not establish either that the defendant filed a counterclaim or that he argued in the trial court that he was entitled to a setoff notwithstanding the lack of a counterclaim.  <u>See</u> <u>Bean</u>, 151 N.H. at 250; <u>see</u> <u>also</u> <u>Estate of Day v. Hanover Ins. Co.</u>, 162 N.H. 415, 422 (2011) (applying <u>Bean</u> to failure to provide relevant pleadings in the trial court).  On this record, we cannot conclude that the trial court's decision either lacks evidentiary support or constitutes clear error of law.  <u>Found. for Seacoast Health</u>, 165 N.H. at 181.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,<br>Clerk**