**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0019, <u>S.A. v. J.C.</u>, the court on August 28, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, J.C., appeals the order of the Circuit Court (<u>Stephen</u>, J.), following a hearing, granting a domestic violence final order of protection to the plaintiff, S.A. <u>See</u> RSA 173-B:5 (2022). The defendant argues that the trial court erred by: (1) finding that his conduct constituted a present credible threat to the plaintiff's safety; (2) failing to hold a hearing within thirty days of the filing of the petition, as required by RSA 173-B:3, VII (2022); and (3) considering his post-hearing conduct in weighing his credibility. We affirm.

To be granted a domestic violence final order of protection, the plaintiff must establish, by a preponderance of evidence, that the defendant engaged in "abuse." RSA 173-B:5, I. "Abuse" means the commission or attempted commission of one or more enumerated crimes by a family or household member or a current or former sexual or intimate partner when such conduct "constitute[s] a credible present threat" to the plaintiff's safety. RSA 173-B:1, I (2022); <u>see</u> <u>S.C. v. G.C.</u>, 175 N.H. 158, 163 (2022). The enumerated crimes that may constitute abuse include "[a]ssault or reckless conduct as defined in RSA 631:1 through RSA 631:3." <u>See</u> RSA 173-B:1, I(a).

The trial court's "findings of facts shall be final, but questions of law may be transferred from the circuit court to the supreme court." RSA 173-B:3, VI (2022). We review sufficiency of the evidence claims as a matter of law, upholding the trial court's findings and rulings unless they lack evidentiary support or are tainted by legal error. <u>S.C.</u>, 175 N.H. at 162.

The trial court found that the defendant committed an act of abuse when, on April 10, 2022, he hit the plaintiff with his hands on her face and squeezed her arms until her arms turned blue from bruising. The court found that the defendant threatened the plaintiff that if she called the police she "will pay for it." The court found that the defendant's conduct constituted a present credible threat to the plaintiff's safety because "[h]e has engaged in violence and threats of deportation," has threatened to take the children from the plaintiff, and has demonstrated "a high level of disrespectful behavior" toward the plaintiff. The court concluded that "[t]he [p]laintiff testified credibly to her fear of the [d]efendant."

The defendant first argues that the trial court erred in finding that his conduct constituted a present credible threat to the plaintiff's safety because the most recent incident of physical abuse occurred several months prior to the filing of the petition, and because his more recent conduct, which included threats to have the plaintiff deported and to take their children away from her, were not threats to the plaintiff's physical safety. RSA 173-B:1, I provides that "[t]he court may consider evidence of such acts, regardless of their proximity in time to the filing of the petition, which, in combination with recent conduct, reflects an ongoing pattern of behavior which reasonably causes or has caused the petitioner to fear for his or her safety or well being." RSA 173-B:1, I. In this case, the incident of physical abuse occurred three and one-half months prior to the filing of the petition. Even assuming, without deciding, that the defendant's more recent threats of deportation and taking the children away from the plaintiff did not constitute threats to her safety, we find no error in the trial court's finding that the defendant's conduct "reflect[ed] an ongoing pattern of behavior which reasonably causes or has caused the [plaintiff] to fear for . . . her safety or well-being." RSA 173-B:1, I.

The defendant next argues that the trial court erred by failing to hold a hearing within thirty days of the filing of the petition, as required by RSA 173-B:3, VII. The plaintiff filed her petition on July 25, 2022. On the same date, the court issued temporary orders of protection and a notice of a hearing scheduled for August 16, 2022, which was within the thirty-day period. Pursuant to RSA 173-B:4, I (2022), the defendant requested an earlier hearing date, and the court rescheduled the hearing for August 1, 2022. On August 1, 2022, the parties entered into a written agreement to continue the hearing and reschedule it for September 20, 2022, which was beyond the statutory period. On September 20, 2022, the court continued the case to a later date because the interpreter failed to appear for the hearing, and the plaintiff was not willing to proceed with an interpreter by telephone. The court held the hearing on October 3, October 6, and November 17, 2022.

Relying upon McCarthy v. Wheeler, 152 N.H. 643 (2005), the defendant argues that the court should have dismissed the petition for failing to hold the hearing within thirty days. At the outset, we note that the defendant did not move to dismiss the petition in the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (appealing party must first raise issue in trial court). Even reviewing this issue for plain error, as the defendant requests, we find no error. In McCarthy, we held that noncompliance with the time limit under RSA 173-B:3, VII, must result in dismissal "unless the delay was caused or requested by the defendant." McCarthy, 152 N.H. at 646. In this case, the defendant requested to continue the hearing beyond the statutory period. Although he argues that he "never explicitly agreed to waive the statutory mandate," his request for a delay beyond the statutory period is deemed a waiver. See id. Accordingly, we find no plain error. See State v. Ortiz, 162 N.H. 585, 590 (2011) (to find plain error, there must be an error).

Finally, the defendant argues that the trial court erred by considering his post-hearing conduct in weighing his credibility. Conflicts in testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve. In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011). We will uphold the trial court's factual findings unless they are unsupported by the evidence or legally erroneous. Id. During the hearing in a separate domestic violence proceeding brought against the plaintiff by the defendant's mother, which was held after the close of the evidence in this case, the court stated that the defendant's disregard of its order to sequester himself during his mother's testimony caused it to question the defendant's credibility in that case. However, the court expressly stated that, as the hearing in this case had concluded, it would not consider the defendant's conduct in determining his credibility in this case. We find nothing in the record to suggest that the court considered the defendant's post-hearing conduct in determining his credibility in this case. Accordingly, we find no error. See Kurowski, 161 N.H. at 585.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

3