# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0652, <u>C.G. v. B.C.</u>, the court on March 18, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant appeals an order of the Circuit Court (<u>Subers</u>, J.), issued following a hearing, granting a civil stalking final order of protection in favor of the plaintiff. <u>See</u> RSA 633:3-a (Supp. 2023). He argues that the evidence was insufficient to support a finding that he stalked the plaintiff. We affirm.

We review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or are erroneous as a matter of law. <u>Fisher v. Minichiello</u>, 155 N.H. 188, 190 (2007). "We accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony." <u>Id</u>. We view the evidence in the light most favorable to the prevailing party; here, the plaintiff. <u>See</u> <u>id</u>.

A person commits the offense of stalking if, among other things, that person "[p]urposely, knowingly, or recklessly engages in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety or the safety of a member of that person's immediate family, and the person is actually placed in such fear." RSA 633:3-a, I(a). "Course of conduct" is defined as two or more acts over a period of time, however short, which evidences a continuity of purpose. RSA 633:3-a, II(a). A course of conduct may include, among other things, "[f]ollowing, approaching, or confronting that person, or a member of that person's immediate family," "[a]ppearing in close proximity to, or entering the person's residence, place of employment, school, or other place where the person can be found," "[p]lacing an object on the person's property, either directly or through a third person, or that of an immediate family member," or "[a]ny act of communication." RSA 633:3-a, II(a)(2), (3), (5), (7). However, a course of conduct does not include constitutionally protected activity, nor conduct that was necessary to accomplish a legitimate purpose independent of making contact with the targeted person. RSA 633:3-a, II(a). The plaintiff bears the burden to prove "stalking" by a preponderance of the evidence. RSA 633:3-a, III-a; <u>Fisher</u>, 155 N.H. at 190.

In this case, the trial court found, among other things, that the defendant had been "inappropriately interested in [the plaintiff] since[] she was 15 years old[,] when he made inappropriate comments," and that, several years ago, the

defendant "again brought up his interest in [p]laintiff when having a conversation with [p]laintiff's father." The court also found that, recently, the plaintiff had received a letter from the defendant, and that the stamp on the letter had not been cancelled by the post office. This caused the plaintiff to fear for her safety, as she believed that the defendant may have hand-delivered the letter to her mailbox. The court concluded that "[r]egardless of how the letter got into [p]laintiff's mailbox, [p]laintiff said it was unsolicited and that it was creepy that after all these years, [d]efendant, [many] years [her] senior[,] still appears to be fixated on her and knows her address."

Although the defendant emphasizes contrary evidence, and offers alternative explanations and interpretations of the evidence, we conclude, based upon our review of the record, that the evidence supports the trial court's findings. Moreover, the record demonstrates that the trial court had before it certain documents that the plaintiff relied upon during the hearing in support of her claims, and that she attested to the truth of all of the allegations in her petition. The defendant, however, has failed to provide this court with copies of those documents for our review. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (holding that "[i]t is the burden of the appealing party . . . to provide this court with a record sufficient to decide [their] issues on appeal"). Accordingly, absent copies of those documents, we must assume that they lend further support to the result reached by the trial court. See id.; In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56-57 (2006) (noting that such rules are not relaxed for self-represented parties).

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2