# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0594, <u>E.V. Moody & Sons, Inc. v. Kristen Ciardiello & a.</u>, the court on September 9, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). Defendant Angelo Ciardiello appeals a decision of the Circuit Court (<u>Countway</u>, J.), following a hearing, awarding $8,484 plus interest and costs to the plaintiff, E.V. Moody & Sons, Inc., on its small claim for breach of contract, and determining that defendants Kristen Ciardiello and ERA Equipment, LLC are jointly and severally liable under the contract. We construe Angelo Ciardiello's brief to be arguing that the evidence was insufficient to support the trial court's decision. We affirm.

It is the burden of the appealing party, in this case Angelo Ciardiello, to provide a record on appeal that is sufficient to decide the issues raised, and to establish that those issues were raised in the trial court. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u>15(3) ("If the [appealing] party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the [appealing] party shall include in the record a transcript of all evidence relevant to such finding or conclusion."). In the absence of a trial transcript, we assume that the evidence was sufficient to support the result reached by the trial court, and we review its decision for errors of law only. <u>Bean</u>, 151 N.H. at 250. In this case, Angelo Ciardiello has not provided a transcript of the evidentiary hearing held in the trial court, and therefore, we uphold the trial court's determinations that the parties entered into an enforceable contract, and that the defendants are jointly and severally liable for $8,484 under it.

<u>Affirmed</u>.

MacDonald, C.J., and Bassett and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**