# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0368, <u>In the Matter of Kayley Hays and Leigh Hays</u>, the court on July 1, 2022, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The respondent, Leigh Hays (father), appeals an order of the Circuit Court (<u>Yazinski</u>, J.) denying his petition to change the parties' parenting plan so as to designate his residence as the school district for the parties' children. <u>See</u> RSA 461-A:11 (2018). He argues that, because relocation of the children by the petitioner, Kayley Erisman f/k/a Kayley Hays (mother), prompted his petition, <u>see</u> RSA 461-A:12 (Supp. 2021), the trial court erred by requiring that he satisfy the burden of proof under RSA 461-A:11, III, rather than requiring the mother to satisfy the burden of proof under RSA 461-A:12, V. We affirm.

A parent seeking to modify any provision of a permanent parenting plan other than one concerning a parenting schedule or the location of a child's residence "need only prove that the modification is in the child's best interest." <u>In the Matter of Summers & Summers</u>, 172 N.H. 474, 483 (2019); <u>see</u> RSA 461-A:11, II, III. A parent seeking to relocate a child's residence, however, generally must satisfy RSA 461-A:12. <u>Summers</u>, 172 N.H. at 483.

Under RSA 461-A:12, unless a relocation "results in the [child's] residence being closer to the other parent or . . . within the child's current school district," a parent seeking to relocate the child is generally required, absent circumstances not present here, to obtain prior court approval of the relocation. RSA 461-A:12, I, II-a. To obtain court approval of a relocation, the relocating parent must prove, by a preponderance of evidence, that the relocation is for a legitimate purpose and is reasonable in light of that purpose. RSA 461-A:12, V; <u>see</u> <u>In the Matter of St. Pierre & Thatcher</u>, 172 N.H. 209, 221-22 (2019). Once the relocating parent has carried that burden, the burden shifts to the other parent to prove that the relocation is not in the child's best interest. RSA 461-A:12, VI; <u>see</u> <u>In the Matter of St. Pierre & Thatcher</u>, 172 N.H. at 222. If both parents agree to the relocation, the trial court "may modify the allocation or schedule of parenting time or both based on a finding that the change is in the best interests of the child." RSA 461-A:12, IX.

In this case, the parties' 2016 final parenting plan provides that, during the school year, their two minor children reside with the mother from Sunday evening through Thursday after school, and with the father for the remainder of the week. The parenting plan further provides that the children will attend

school in the school district where the mother resides.  In 2020, the mother notified the father that she would be moving from Claremont, where both parties resided and where the children attended school, to nearby Croydon. The father stated that he did not object to the move, but that he did object to the children changing school districts and would file a pleading to that effect.

Thereafter, the father filed a "petition to change court order," stating that he "would like to change residential responsibility to keep the children in their current school," and that he believed "it would be best for [the children] to remain in the Claremont [S]chool District."  Although the father stated in the petition that he wanted "to change residential responsibility," he did not propose any different residential schedule than the schedule set forth in the parenting plan.  Moreover, in subsequent pleadings, he expressly stated that he "ha[d] no objection to the children living in Croydon," that his objection was "to the children changing schools," and that the "request" he had filed with the court was an "object[ion] to the relocation of the children's school from Claremont to Croydon."  In its order, the trial court characterized the father's petition as seeking "to modify the parenting plan to provide that the children go to school in the district where he resides," observing that the father "did not object to [the mother's] relocation to Croydon, but did object to the children leaving the Claremont School District."

The trial court held an evidentiary hearing on the petition, at which the father presented his evidence first.  The father's testimony and closing argument concerned why the Claremont School District was better suited to the children's needs, and why Claremont schools were more conveniently located for the parties.  At no point during the hearing did the father object to the children's relocation to Croydon, challenge the legitimacy of the purpose for the relocation or its reasonableness, or argue that the mother was required to prove the legitimacy and reasonableness of the relocation, or should present her case first because she bore the burden of proof.

In denying the petition, the trial court articulated several factors that "weigh[ed] heavily in [the mother's] favor," including: (1) the children reside with the mother most school days; (2) the mother "has provided the vast majority of [child] care during the school year"; (3) the mother and her family are readily available to transport the children to their schools in the Croydon School District; and (4) the smaller school setting provided by Croydon was more appropriate to the educational needs of one of the children.  The father did not move for reconsideration, but instead, filed the present appeal, arguing that the trial court erroneously placed the burden of proof upon him under RSA 461-A:11 rather than upon the mother under RSA 461-A:12, V, and failed to recognize that RSA 461-A:12 applied.

2

Prior to filing her brief, the mother moved to strike the father's brief, arguing that the father had failed to comply with the requirement that he cite with specificity where in the record he had raised the questions presented for review, see Sup. Ct. R. 16(3)(b), and that in fact he had never argued in the trial court that it had applied the incorrect legal standard. In opposing the motion, the father asserted that he "could not have objected in the lower court because the issue did not arise until the decision was rendered by the Court," and that he "had no way to predict that the Court would use the wrong standard so an objection could not be filed." We denied the motion without prejudice to the mother making her preservation arguments in her brief. In her brief, the mother again argues that the father's arguments are not preserved, and that, because he did not object to relocation, the trial court properly placed the burden upon him to prove that changing the children's school district was in their best interests. We agree with the mother.

We have long held that parties may not have appellate review of issues that they did not raise in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). Even when a trial court unexpectedly applies an incorrect legal standard for the first time in its final order, the party seeking to challenge the standard applied by the trial court is required to bring the trial court's error to its attention in a motion for reconsideration in order to preserve the issue for appellate review. N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 678-79 (2002); see also Fam. Div. R. 1.26(F) (stating that, if the trial court addresses matters in its decision that were not previously raised in the case, the party seeking to appeal alleged errors concerning those matters is required to identify such errors in a motion for reconsideration in order to preserve them for appeal). Indeed, in Butland, we specifically acknowledged that the appealing party could not have anticipated that the trial court would apply the legal standard that it applied in the final order. Nevertheless, we held that the appealing party had not preserved her due process challenge to the trial court's application of that standard because she could have, but failed, to raise the issue in a motion for reconsideration. Butland, 147 N.H. at 679.

In this case, the father does not dispute that he failed to raise his arguments in the trial court, but argues only that he was not required to do so because he could not have anticipated that the trial court would fail to apply RSA 461-A:12, V in its final order. As in Butland, because the father could have, but failed, to raise his arguments in a motion for reconsideration, we conclude that the arguments are not preserved. Even if the father had preserved his arguments, we agree with the mother that, because he expressly

stated that he did not object "to the children living in Croydon," he effectively consented to findings in the mother's favor under RSA 461-A:12, V.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**