# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0130, <u>C.S. v. R.S.</u>, the court on June 5, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, R.S., appeals a civil stalking final order of protection issued by the Circuit Court (<u>Prevett</u>, J.), following a hearing, in favor of the plaintiff, C.S. <u>See</u> RSA 633:3-a, III-a (Supp. 2022). We construe the defendant's brief to be challenging the sufficiency of the evidence to support the trial court's decision.

We review sufficiency of the evidence claims as a matter of law, and will uphold the trial court's findings and rulings unless they lack evidentiary support or are tainted by error of law. <u>Despres v. Hampsey</u>, 162 N.H. 398, 401 (2011). We view the evidence in the light most favorable to the plaintiff, deferring to the trial court's judgment in evaluating the credibility of the witnesses and the weight of the evidence presented. <u>Id</u>. It is the defendant's burden, as the appealing party, to provide a record on appeal that is sufficient to decide the issues the defendant is raising, and absent a transcript, we assume that the evidence was sufficient to support the trial court's decision, and review its order for errors of law appearing on the face of the order only. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>Atwood v. Owens</u>, 142 N.H. 396, 396-97 (1997). In this case, the defendant has not provided a transcript of the evidentiary hearing on the plaintiff's stalking petition. Accordingly, we assume that the evidence was sufficient to support the trial court's decision, and finding no errors of law on the face of the trial court's order, we affirm. In light of this order, the plaintiff's motion to reconsider our order of May 11, 2023 and for late entry of a brief or memorandum of law is moot.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**