# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0605, <u>State of New Hampshire v. Bryan H. Brown</u>, the court on August 23, 2023, issued the following order:**

The court has reviewed the written arguments and the limited record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Bryan H. Brown, appeals an order of the Superior Court (<u>Howard</u>, J.) denying his motion to award earned time credits. We affirm.

Although he does not identify the offenses which resulted in his convictions, the defendant states that he was convicted in 2006. Subsequent to his convictions, the legislature enacted RSA 651-A:22-a, the earned time credits statute, in 2014. Laws 2014, 166:1; <u>see</u> RSA 651-A:22-a (Supp. 2022). This statute provides to prisoners the opportunity to receive reductions in their minimum and maximum sentences upon completion of certain approved programs. In 2022, the defendant filed a motion to award earned time credits, seeking credit for certain programs that he had completed during his incarceration. The trial court denied the motion after reviewing "the motion, the State's objection, the relevant pleadings in the underlying criminal files, and the nature and circumstances of the offenses." Based upon its review, the trial court determined that "reduction in sentence is not appropriate in this case." This appeal followed.

On appeal, the defendant argues that "sentencing Courts are required to grant earned time credits to those inmates who have complied with the statutory requirements of RSA 651-A:22-a and obtained the Commissioner's recommendation for said credits." He further contends that "[i]t would be fundamentally inconsistent with the statutory scheme to permit Judges to arbitrarily deny inmates their state created right for reasons not recognized by the statute."

We have recently held, however, that with respect to requests for earned time credits by prisoners incarcerated before the effective date of RSA 651-A:22-a, the sentencing court has discretion to grant or deny approval of earned time credits. <u>State v. Jordan</u>, 176 N.H. ___, ___ (decided June 29, 2023) (slip op. at 5); <u>see</u> <u>also</u> <u>Fiske v Warden, N.H. State Prison</u>, 175 N.H. 526, 528-29 (2022) (at the time of sentencing, the court has discretion to grant or deny eligibility to obtain earned time credits to a prisoner who was sentenced on or after the effective date of the statute).

To the extent the defendant argues that it was improper for the trial court to rely upon the underlying record or that the court's decision violated his rights to due process, we have neither a sufficient record, see Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (burden on appealing party to provide this court with record sufficient to decide issues raised on appeal), nor sufficiently developed argument to address these issues, and we decline to do so, see White v. Auger, 171 N.H. 660, 665 (2019) (court will not address arguments that a party has not sufficiently developed in its brief).  Accordingly, the decision of the trial court is affirmed.

Affirmed.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2