# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0253, <u>Karissa Kagiliery & a. v. 274 Amherst Street LLC</u>, the court on October 11, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The defendant, 274 Amherst Street LLC, appeals a small claim judgment of $1,661.78 plus interest and costs issued by the Circuit Court (<u>Chabot</u>, J.), following an evidentiary hearing, in favor of the plaintiffs, Jacqueline Kagiliery and Karissa Kagiliery.  We affirm.

In ruling in favor of the plaintiffs, the trial court found, among other things, that (1) the plaintiffs entered into a one-year residential lease with the defendant commencing July 1, 2021; (2) the plaintiffs paid the defendant $2,700, consisting of $1,350 for the July rent plus a security deposit of $1,350; (3) while they were moving into the apartment, the plaintiffs discovered what they believed was a live bed bug, notified the defendant of their discovery, and delayed their occupancy; (4) the defendant promptly took action to address the matter, including identifying an apartment above the plaintiffs' apartment as the source of the problem, and eventually remediating the issue under the supervision of the City of Manchester; (5) the defendant failed to provide the plaintiffs with documentation that a professional exterminator had performed the remediation work; (6) the defendant offered to refund the plaintiffs one week of their July 2021 rent, and on July 20, 2021, offered to let them out of the lease altogether; (7) the plaintiffs accepted the defendant's offer to terminate the lease on July 30, 2021; (8) the City of Manchester did not deem the bedbug issue to be finally resolved until December 2021; and (9) the defendant refused to return the security deposit, claiming that the plaintiffs provided insufficient notice to allow it to re-let the apartment by August 1, 2021.  On these facts, the trial court awarded the plaintiffs judgment of $1,661.78, consisting of their security deposit, <u>see</u> RSA 540-A:7, I (2021), plus one week's rent.  On appeal, the defendant argues that the trial court erred by allowing certain exhibits into evidence, crediting the plaintiffs' evidence and testimony that their apartment had a bedbug issue, and not enforcing the terms of the lease by requiring the defendant to refund the security deposit.

We will uphold the trial court's findings unless they are unsupported by the evidence or erroneous as a matter of law.  <u>Lane v. Barletta</u>, 172 N.H. 674, 676 (2019).  Our task is to determine whether the evidence reasonably supports the trial court's findings, and whether its decision is consistent with

applicable law.  Id. at 677.  We defer to the trial court's judgment on matters such as resolving conflicts in testimony, evaluating the credibility of witnesses, and determining the weight of the evidence presented.  Town of Atkinson v. Malborn Realty Trust, 164 N.H. 62, 66-67 (2012).  The trial court may accept or reject, in whole or in part, the testimony of any witness or party, and is not required to believe even uncontested evidence.  Id. at 67.

It is the burden of the appealing party, in this case the defendant, to present a record that is sufficient to address the issues raised on appeal, and to demonstrate that the appealing party raised those issues in the trial court.  Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).  Absent a transcript, we assume that the evidence was sufficient to support the result reached by the trial court, and we review its decision for errors of law only.  See id.; Atwood v. Owens, 142 N.H. 396, 396-97 (1997).

In this case, the defendant has not provided a trial transcript.  Nor has it provided relevant exhibits referred to by the trial court, including a copy of the relevant lease.  Under these circumstances, we assume that the evidence supports the trial court's findings of fact, and, discerning no error of law on the face of the trial court's narrative order, we uphold its decision.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

Timothy A. Gudas,
Clerk

2