# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0314, <u>Chloe Thibodeau v. Alicia L'Esperance</u>, the court on November 13, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, Alicia L'Esperance, appeals an order of the Circuit Court (<u>Kane</u>, R., approved by <u>Murray</u>, J.) entering judgment in favor of the plaintiff, Chloe Thibodeau, for failing to timely respond to the plaintiff's small claim complaint. <u>See</u> RSA 503:6 (Supp. 2022). We construe the defendant's brief to be arguing, in part, that because the trial court allegedly failed to timely serve the small claim complaint and a subsequent order requiring the defendant to respond to the complaint by a date certain, it erred by entering judgment in favor of the plaintiff. We affirm.

RSA 503:6 and the applicable court rules require the circuit court, in a small claim, to serve notice of the claim, including its substance, upon the defendant by first class mail. <u>See</u> RSA 503:6, I; <u>Dist. Div. R.</u> 4.2(a). If the defendant wishes to be heard on the claim, the defendant is required to file a response to it within thirty days of when it was mailed, and is generally required to do so electronically. RSA 503:6, I; <u>Dist. Div. R.</u> 4.3(a)(1). In the absence of a timely-filed response to the small claim, "a default judgment will be entered in favor of the plaintiff." RSA 503:6, II; <u>see</u> <u>also</u> <u>Dist. Div. R.</u> 4.3(c).

The record on appeal indicates that on February 4, 2023, the defendant filed a motion to reconsider a prior default judgment issued on January 31, 2023, based upon the defendant's failure to timely respond to the small claim complaint, claiming that February 4 was "the first day that the defendant ha[d] become aware of" the case. The defendant filed the motion electronically, demonstrating that the defendant had registered with the electronic filing system prior to filing the motion. Additionally, the defendant electronically filed a form identifying the defendant's email address and mailing address. By notice of decision dated February 28, 2023, the trial court issued a margin order on the motion to reconsider <u>granting</u> the motion and requiring the defendant to file a response to the small claim no later than March 17, 2023.

The defendant did not respond to the small claim complaint by March 17, 2023, and by notice of decision dated May 4, 2023, the trial court issued a second margin order on the motion to reconsider, this time entering judgment in favor of the plaintiff due to the defendant's failure to file a response. The

defendant appealed the May 4 decision to this court on June 2, 2023.  Also on June 2, the defendant filed a motion to "vacate" with the circuit court.  The only "fact" asserted by the defendant in support of the motion to "vacate," however, was that the defendant had filed the appeal, and the only relief requested in the motion, notwithstanding its title, was that the circuit court "[a]ccept the notice of Supreme Court filing of appeal."  The defendant claimed in the motion an inability to obtain the plaintiff's position as to the motion because the defendant had no "forwarding information" for the plaintiff, and because "the original claim was never provided."  The trial court issued a margin order on the motion to "vacate" stating, "Read and so noted."

On appeal, the defendant alleges that "the original case claim was never provided [to the defendant] by mail, verbally, electronically, or [in] any other form."  We construe this allegation to be that the trial court failed to serve notice of the small claim or its substance upon the defendant pursuant to RSA 503:6.  The defendant additionally alleges not to have received notice of the February 28, 2023 order granting the motion to reconsider until May 4, 2023, when the defendant claims to have received electronic notices of both the February 28 and the May 4 orders.  We note that, other than asserting in the June 2 motion to "vacate" that "the original claim was never provided," the defendant did not raise any of these allegations in the trial court.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (stating that the appealing party bears the burden on appeal to establish that all issues on appeal were raised in the trial court).  Nevertheless, in light of the defendant's contention that "the original claim was never provided," and in light of confusion created by the trial court's inclusion of both the February 28 and May 4 margin orders on the same motion to reconsider, and by its May 4, 2023 issuance of a notice of service of an "Order on Motion to Reconsider," we ordered the trial court to review its files and report to this court: (1) whether, and when, it served the small claim complaint upon the defendant; and (2) whether it served the February 28 order upon the defendant at any point prior to May 4, 2023.

In response to our order, the Trial Court (King, J.) issued an order thoroughly summarizing the content of its files.  The trial court's order demonstrates that: (1) the trial court served the defendant with both notice of the small claim and the small claim complaint by first class mail on December 20, 2022; (2) the trial court mailed the notice of small claim and small claim complaint to the identical address that the defendant subsequently identified as the defendant's mailing address in documents filed on February 4, 2023; (3) at no point was the small claim notice and complaint returned to the trial court as undeliverable; (4) the trial court electronically served both the plaintiff and the defendant with the order granting the motion to reconsider on February 28, 2023; (5) the plaintiff opened the February 28 notice of decision on the motion to reconsider on March 1, 2023; and (6) the defendant did not open the February 28 notice of decision until May 4, 2023.  Accordingly, notwithstanding the defendant's claims to the contrary, the record

2

demonstrates that the defendant received sufficient notice of both the small claim complaint and the February 28, 2023 order so as to respond to the small claim no later than March 17, 2023. Indeed, although the defendant speculates that the electronic filing system may have only "queued" the February 28 notice of decision on February 28, but not sent it until May 4, the record does not support the speculation, given that the plaintiff opened the February 28 notice on March 1, well before May 4.

Under these circumstances, we conclude that the trial court did not err by entering judgment in favor of the plaintiff. See RSA 503:6, II. The defendant's remaining arguments concern the merits of the defendant's dispute with the plaintiff. Because we conclude that the trial court did not err by entering judgment in favor of the plaintiff based upon the defendant's default, we cannot address these arguments.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**