# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0394, <u>Jodie Kramer v. Tar Mac Paving</u>, the court on November 27, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The plaintiff, Jodie Kramer, appeals a decision of the Circuit Court (<u>Manchester</u>, J.), following an evidentiary hearing, denying her small claim seeking an award of damages from the defendant, Tar Mac Paving, for the allegedly deficient performance of an agreement to conduct paving work on her driveway.  The trial court found that the defendant "completed the job [that] the [p]laintiff hired him to do," and entered judgment in the defendant's favor.  We construe the plaintiff's brief to argue that the evidence was insufficient to support the trial court's decision.  We affirm.

As the appealing party, the plaintiff has the burden to provide a record on appeal that is sufficient to decide the issues she is raising.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  Under Rule 15, if the appealing party "intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the [appealing] party shall include in the record a transcript of all evidence relevant to such finding or conclusion."  <u>Sup. Ct. R.</u> 15(3).  Without a trial transcript, we must assume that the evidence was sufficient to support the trial court's decision, and we review the decision for errors of law only.  <u>See</u> <u>Bean</u>, 151 N.H. at 250.  In this case, the plaintiff represented in her notice of appeal that a transcript was not necessary to decide the issues she was raising, and she did not timely order a transcript of the evidentiary hearing.  Accordingly, we assume that the evidence was sufficient to support the trial court's decision, and discerning no error of law on the face of the trial court's order, we uphold its decision.  <u>See</u> <u>id</u>.

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**