# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0631, <u>K.M. v. A.M.</u>, the court on April 1, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, A.M., appeals a civil stalking final order of protection issued by the Circuit Court (<u>Hall</u>, J.), following a hearing, in favor of the plaintiff, K.M. <u>See</u> RSA 633:3-a (Supp. 2023). We construe the defendant's brief as challenging the sufficiency of the evidence to support the trial court's decision. We affirm.

Any victim of stalking "may seek relief by filing a civil petition in the [circuit] court"; upon proof of stalking by a preponderance of evidence, the court "shall grant such relief as is necessary to bring about a cessation of stalking." <u>Id</u>. Stalking includes "[p]urposely, knowingly, or recklessly engag[ing] in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety . . . , and the person is actually placed in such fear." RSA 633:3-a, I(a). "'Course of conduct' means 2 or more acts over a period of time, however short, which evidences a continuity of purpose." RSA 633:3-a, II(a). A "course of conduct may include, but not be limited to," several enumerated acts, including "[f]ollowing, approaching, or confronting" the targeted person, and "[a]ppearing in close proximity to, or entering the person's residence, place of employment, . . . or other place where the person can be found." RSA 633:3-a, II(a)(2), (3).

The trial court's "findings of facts shall be final, but questions of law may be transferred from the circuit court to the supreme court." RSA 173-B:3, VI (2022); <u>see</u> RSA 633:3-a, III-a (providing that, in civil stalking proceedings, "the procedures and burdens of proof to be applied . . . shall be the same as those set forth in RSA 173-B"). We review sufficiency of the evidence claims as a matter of law and will uphold the trial court's findings and rulings unless they lack evidentiary support or are tainted by error of law. <u>Despres v. Hampsey</u>, 162 N.H. 398, 401 (2011). We view the evidence in the light most favorable to the plaintiff, deferring to the trial court's judgment in evaluating the credibility of the witnesses, resolving conflicts in the testimony, and determining the weight of the evidence presented. <u>Id</u>. at 401, 404. It is the defendant's burden, as the appealing party, to provide a record on appeal that is sufficient to decide the issues she is raising, and we assume that relevant portions of the trial court record not provided on appeal support the trial court's decision. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).

We note that at the hearing on the plaintiff's stalking petition, the plaintiff specifically "sw[ore to] and reaffirm[ed] that what [she] said in [her] initial petition [was] true." The petition has not been provided as part of the record on appeal, and therefore, we assume that it supports the trial court's decision. See id. Having reviewed the transcript of the hearing on the petition, we conclude that the trial court's findings and rulings are neither lacking in evidentiary support nor tainted by error of law, and that the trial court was within its discretion to believe the plaintiff's testimony over the defendant's contrary testimony. See Despres, 162 N.H. at 401, 404.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**