# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0369, <u>Town of Chichester v. Shaun C. Fife</u>, the court on May 1, 2024, issued the following order:**

The request of the plaintiff, the Town of Chichester (town), to dismiss this appeal for "procedural deficiencies" is denied. The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Shaun C. Fife, appeals an order of the Superior Court (<u>Kissinger</u>, J.) granting the town's petition seeking declaratory and injunctive relief and the assessment of civil penalties and fines for violating the town's zoning ordinance, <u>see</u> RSA 676:15, 17 (2016), and ordering him to remove a "recreational camper" on property zoned as "backlands" under the town's zoning ordinance. We construe the defendant's brief to be arguing, in part, that the trial court erred by finding that keeping the camper on the property violated the ordinance, and by requiring him to remove it. The defendant also asserts that, in response to the trial court's order, he sold the property at issue, and he appends to his brief a purchase and sale agreement that appears to be for the relevant lot and a "camper on lot." We vacate and remand.

At the outset, we note that the defendant has not included a transcript of the evidentiary hearing held on the town's petition. Accordingly, we assume that the evidence supports the trial court's factual findings, and we review its decision for errors of law appearing on the face of its narrative order only. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>Atwood v. Owens</u>, 142 N.H. 396, 396-97 (1997). To the extent the town contends that, because the defendant did not order a transcript, the record is insufficient to demonstrate that he preserved his argument that the trial court erred by ordering him to remove the recreational camper, <u>see</u> <u>Bean</u>, 151 N.H. at 250 (appealing party has burden to provide record demonstrating that appealed issues are preserved), we disagree. According to the trial court's narrative order, the town argued that the defendant "is in violation of the Town's Zoning Ordinance by keeping" the camper on his property, and in ordering the defendant to remove the camper, the trial court expressly analyzed the specific zoning ordinance provisions relied upon by the town. Accordingly, the legality of keeping the recreational camper on the property under the zoning ordinance was squarely raised by <u>the town</u> and ruled upon by the trial court, and thus, the trial court's order itself demonstrates that the issue is preserved.

In ordering the defendant to remove the recreational camper from the lot, the trial court found that keeping the camper on the property violated sections 2.04(f), 3.03(a), and 3.04 of the town's zoning ordinance. Section 2.04(f)(i) provides as follows with respect to the town's "Backlands" zoning district:

Purpose:  Though the District is not depicted on the Town Zoning Map, it is a Town-wide district consisting of land, which if subdivided would not contain the minimum road frontage required for a developable lot under this ordinance, may be subdivided only if the plot and deed contain restrictions which clearly state that such land is not a buildable dwelling lot and that such land contains at least a fifty (50) foot Right-of-Way to a Town or State road.  The purpose of this provision is to allow for wood lots and other agricultural uses such as farming; provided no structures, other than those used for agricultural or forestry purposes, shall be built thereon.

Permitted uses in the "backlands" zone under section 2.04(f)(ii) of the ordinance are "[w]ood lots and related farming or forestry for homeowners use." Section 3.03(a) of the ordinance provides that "[t]he use of land for the accommodation of manufactured housing including trailers and/or mobile homes shall be permitted" so long as, inter alia, the "building lot [has] . . . a minimum frontage of two-hundred (200) contiguous feet, on a State or Town maintained highway."  Finally, section 3.04 provides that "[t]he location of portable camps for a permanent residence is banned; Exceptions may be the use of portable camps for logging operations."

Based upon the evidence submitted at the evidentiary hearing, the trial court found that the defendant's property has no frontage on any Town or State highway.  Thus, the trial court determined that the property constitutes "backlands," a finding we assume to be supported by the evidence, see Bean, 151 N.H. at 250, and that use of the property as the defendant's domicile, as well as keeping the camper on the property, were not permitted uses.  Although residential use of the property may be prohibited under the above-quoted provisions, nothing in those provisions prohibits merely keeping a "recreational camper" on the property.

There is no claim by the town, or finding by the trial court, that the defendant's removeable "recreational camper" is in fact a "structure" that is "built" upon the defendant's property for purposes of section 2.04(f)(i) of the ordinance.  Moreover, section 3.03(e)(i) provides that, although the town's building inspector may permit a resident to "store[] or park[]" a "[s]ingle trailer[] and/or mobile home[]" "on the premises of the owner" during "periods of non-use," "[r]ecreational trailers and vehicles are exempt" from the permitting requirement. (Emphasis added.)  Likewise, section 3.03(e)(ii) provides that, while "temporary occupancy of a recreational vehicle outside of a licensed campground" for more than 120 days per year is not allowed without a permit from the building inspector, "[a] permit is not required for the storing or parking of a recreational vehicle during periods of nonuse on the premises of the owner." (Emphasis added.)  Accordingly, section 3.03 appears to expressly

2

authorize the defendant to store the camper during periods of non-use without having to obtain a permit from the building inspector.

The trial court's order is silent as to the provisions of section 3.03 that appear to expressly allow the storage of the defendant's camper, or how any of the provisions relied upon by the town prohibit the storage of a recreational camper, as opposed to its use as a non-temporary residence. Ordinarily, we would remand the case and direct the trial court to address these issues. Nevertheless, it appears that the case may also be moot. "Generally a matter is moot when it no longer presents a justiciable controversy because issues involved have become academic or dead." Londonderry Sch. Dist. v. State, 157 N.H. 734, 736 (2008) (quotation and ellipsis omitted).

Although the purchase and sale agreement, apparently entered into after the defendant filed his appeal, is not part of the record, see Lake v. Sullivan, 145 N.H. 713, 717 (2001), if the defendant in fact sold the property while the appeal was pending, the town's entitlement to declaratory or injunctive relief may be academic or dead. We note that the trial court "stay[ed] the imposition of fines [under RSA 676:17] . . . provided that [the defendant] removes the camper in accordance with this Order," and that, to date, the trial court has awarded the town neither civil penalties nor attorney's fees. Under these circumstances, the trial court should consider any evidence of the sale and determine its impact, if any, on the case in the first instance. Accordingly, we vacate the trial court's order and remand for further proceedings consistent with this order.

Vacated and remanded.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

3