**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2024-0058, <u>J.B. v. J.M.</u>, the court on June 14, 2024, issued the following order:**

The defendant's motion to seal information from the plaintiff is denied. The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, J.M., appeals the order of the Circuit Court (<u>Greenhalgh</u>, J.), following a hearing, denying his motion for return of firearms, arguing that the court erred in failing to return what he asserts was a muzzle loader and crossbow. We affirm.

On December 1, 2023, a stalking protective order was issued against the defendant, pursuant to which firearms were seized. On December 19, 2023, the trial court dismissed the stalking protective order based upon the plaintiff's failure to appear for a hearing on that date.

On January 9, 2024, the trial court held a hearing on the defendant's motion for return of firearms. At the hearing, the defendant stated under oath that no reason existed to prevent the return of his firearms. The trial court found that the New Hampshire Department of Safety, which maintains the State Protective Order Registry, and accesses the NCIC and NICS systems, conducted the necessary criminal records checks and found a record that precludes the return of the defendant's firearms. For this reason, the court denied the defendant's motion.

On appeal, the defendant argues that the trial court erred, asserting that a muzzle loader is not a firearm, and that he has a permit for his crossbow, as well as a hunting license. It is the burden of the appealing party, here the defendant, to provide this court with a record sufficient to decide his issues on appeal, and to establish that such issues were raised in the trial court. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250-51 (2004); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 13 ("The moving party shall be responsible for ensuring that all or such portions of the record relevant and necessary for the court to decide the questions of law presented by the case are in fact provided to the supreme court."); <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel). "If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the moving party shall include in the record a

transcript of all evidence relevant to such finding or conclusion." <u>Sup. Ct. R.</u> 15(3).

The defendant has not provided a transcript of the January 9, 2024 hearing on his motion for return of firearms. Without such a transcript, we must assume that the evidence supports the court's findings. <u>See</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 396 (1997). Nor does the record, absent a transcript, establish that the defendant argued in the trial court that a muzzle loader is not a firearm or that he has a permit for a crossbow. We review the trial court's order for errors of law only, <u>see</u> <u>id</u>. at 397, and find none with respect to its denial of the return of firearms. The defendant has not demonstrated that the court's order applies to any crossbow he may own.

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**