# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0521, <u>Lawrence Gormley v. Jennifer Rief</u>, the court on September 19, 2025, issued the following order:**

The court has reviewed the written arguments and the limited record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The plaintiff, Attorney Lawrence Gormley, appeals an order of the Circuit Court (<u>Pendleton</u>, J.) awarding him $21,788 in damages for legal fees owed by the defendant, Jennifer Rief, plus costs and statutory interest. The plaintiff argues that: (1) the trial court erred when it declined to apply the interest rate set forth in the parties' contract; (2) the trial court erred when it calculated interest as of the date the complaint was filed, rather than the date the plaintiff demanded payment; and (3) post-judgment interest should be calculated using the interest rate set forth in the parties' contract. We affirm in part, reverse in part, and remand.

The trial court found the following facts. The plaintiff provided legal services to the defendant, and the two had a representation agreement. After the plaintiff stopped working on the defendant's case, she made no payments on her outstanding bills. The plaintiff sent a demand letter via email on October 5, 2022. In June 2023, the plaintiff filed a complaint in the circuit court.

The trial court granted the plaintiff's motion for summary judgment after the defendant acknowledged that she owed a substantial amount for the legal services provided. The trial court held a damages hearing because the parties contested the total amount owed. The plaintiff has not provided a transcript of that hearing. Although the trial court found the defendant's testimony that she was unhappy with the plaintiff's legal services to be credible, it concluded that her lay opinion was insufficient to show that his billing invoices were not reasonable or appropriate. Accordingly, the trial court ordered the defendant to pay the plaintiff the full amount of legal fees in the amount of $21,788, interest in the amount of $988.19, and costs in the amount of $195.00. Noting that it did not "believe it [could] award contract interest above the jurisdictional limits of the Court" and that the plaintiff did not claim a specific amount of contractual interest, the trial court "[chose] to apply the statutory judgment interest from the date of filing."

The plaintiff filed a motion to reconsider. In that motion, the plaintiff set forth the amount of interest he claimed was due and the basis for its calculation under the parties' contract. The plaintiff claimed that the "proper

award" was $27,670.76 including interest.  The trial court denied the motion.  This appeal followed.

Our review is limited to the trial court's consideration of the interest issue at the damages hearing.  We will uphold the trial court's factual findings and rulings unless they lack evidentiary support or are legally erroneous.  Gaucher v. Waterhouse, 175 N.H. 291, 295 (2022).  We review the trial court's application of the law to the facts de novo.  Id.  As the appealing party, the plaintiff has the burden of providing this court with a record sufficient to decide his issues on appeal.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); Sup. Ct. R. 15.  In the absence of a trial transcript, we assume that the evidence at trial supports the trial court's findings.  Id.

The plaintiff argues that the trial court erred in finding that it could not award contractual interest above the jurisdictional limits of the court.  We need not reach this issue because the plaintiff failed to meet his burden to establish the amount of interest due under the parties' agreement.  That agreement provided that "interest shall be charged at the rate of 1-1/2% per month, simple interest, on any accrued balance more than thirty (30) days old."  The trial court found that the plaintiff failed to provide a "specific figure" at the damages hearing.  Because we do not have a transcript of the damages hearing, there is no record of what evidence, if any, the plaintiff offered with respect to the elements of the interest calculation under the agreement.  As noted, the plaintiff did submit a specific number and the purported basis for its calculation in a motion for reconsideration.  The trial court was not required to consider this new evidence.  See Lillie-Putz Trust v. DownEast Energy Corp., 160 N.H. 716, 726 (2010) ("Whether to receive further evidence on a motion for reconsideration rests in the sound discretion of the trial court.").  We conclude that the trial court's ruling that the plaintiff did not meet his burden of establishing contractual interest is not legally erroneous.  See Gaucher, 175 N.H. at 295.  Under these circumstances, the trial court properly concluded that the statutory rate of interest applied.

Next, we turn to the plaintiff's argument that interest accrues from the date of demand.  RSA 524:1-a provides that "[i]n the absence of a demand prior to the institution of suit, in any action on a debt or account stated or where liquidated damages are sought, interest shall commence to run from the time of the institution of suit."  RSA 524:1-a (2021).  "Under RSA 524:1-a, if a demand has been made before suit, interest accrues from the time of the demand."  J & M Lumber & Constr. Co. v. Smyjunas, 161 N.H. 714, 729 (2011).  The plaintiff made a demand via email in October 2022, prior to the institution of the suit in June 2023.  Accordingly, we conclude that statutory interest applies from the date of the plaintiff's demand, and thus the trial court erred in applying it only from the date of filing.

Finally, the plaintiff argues that post-judgment interest should be calculated using the contractual rate.  Given our conclusion that the trial court did not err in ruling that the plaintiff failed to meet his burden of establishing contractual interest, we conclude that the plaintiff is not entitled to the contractual interest rate in calculating his post-judgment interest.

We affirm the trial court's ruling that the plaintiff did not meet his burden to establish contractual interest; we reverse its ruling that interest accrued only from the date of filing and conclude that interest was applicable from the date of the demand letter.  We direct the trial court, upon remand, to recalculate the plaintiff's damages award in accordance with this order.

<u>Affirmed in part; reversed in part; and remanded</u>.

MACDONALD, C.J., and DONOVAN and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**